## WHEELING.

ARMSTRONG *et al. v.* TOWN OF GRAFTON.

Submitted June 18, 1883—Decided December 1, 1883.

If by inadvertence the circuit court decides a cause upon the bill and answer, when the record shows, that the answer had been

replied to generally, and the case made by the bill and answer is entirely different from the case made by the bill, answer and general replication, this Court will reverse the decree so entered upon the bill and answer. It will however enter no decree in the cause made by the bill, answer and general replication, as such cause has never been before the circuit court for its consideration and has never been acted upon by it. This Court will simply remand the case to the circuit court to be proceeded with, as if no decree had been entered in the cause.

GREEN, JUDGE, furnishes the following statement of the case :

The mayor and council of the town of Grafton on the 28th day of April, 1874, ordered its finance-committee to advertise for bids for the bonds of the town of Grafton, which it proposed to issue for a loan payable in not less than twelve nor more than twenty-two years at nine *per cent. per annum* interest. Mrs. Elizabeth Texter, who afterwards by her marriage became Elizabeth Kalbe, bid for fifteen thousand dollars of this proposed loan. The bid was accepted; and by order of the council of Grafton the bonds of the town of Grafton for that amount were prepared, signed and delivered to her on her paying to the treasurer of said town that amount. At September rules, 1880, Adolphus Armstrong, George W. Cox, F. F. Armbuster and Hugh McLaughlin, residents of the town of Grafton, owning more than fifteen thousand dollars worth of taxable property in said town filed their bill in the circuit court of Taylor county setting out and alleging these facts and that said bonds were still held by Elizabeth Kalbe, and that this loan was made and bonds issued without first submitting to the qualified voters of said town all questions connected with the issue of said bonds and the contraction of said debt, and without providing at the same time for the collection of a direct annual tax sufficient to pay annually the interest on said debt and the principal thereof within not exceeding thirty-four years as required by art. X, § 8 of the Constitution of the State and by ch. 141 Acts of 1872–3 enacted in pursuance thereof. The bill also alleges that the common council of said town are about to and will pay large sums of money belonging to said town on said bonds, and are also about to and will cause to be collected a large levy, to-wit, forty cents on each one hundred dollars of

valuation of the property of the plaintiffs and all other tax-payers of said town for the purpose of paying the principal and interest of said bonds, unless they are enjoined from so doing. The plaintiffs claim that said bonds are illegal and void. The prayer of this bill on behalf of the plaintiffs and all other taxpayers of said town other than the defendants is that "said common council of said town, their agents and employes may be perpetually enjoined and restrained from using the funds of the said town in the redemption and payment of said illegal and void bonds, and from collecting any levy from them or other taxpayers of said town for the purpose of paying said bonds or the interest thereon accruing."

The injunction was granted as prayed for. The injunction-bond was given and the summons was issued and served on all the defendants, that is, Elizabeth Kalbe and the mayor and councilmen of the town of Grafton and the corporation of the town of Grafton. After this summons was issued and served, the town council of Grafton passed an ordinance authorizing and providing for the payment of the principal and interest at the rate of six *per cent. per annum* of these bonds held by Mrs. Elizabeth Kalbe formerly Elizabeth Texter. The preamble of this ordinance stated the above facts including the granting of said injunction, and also that a petition of the citizens and taxpayers of said town had been presented to the council asking the passage of an ordinance providing for the assumption and payment of said loan to be submitted to the voters of said town for their ratification or rejection. And thereupon it was resolved that an ordinance be submitted to the voters of said town in the manner provided by law at the general election for town officers to be held on March 21, 1881, for their ratification or rejection. An ordinance was accordingly passed, the first section of which provided, that bonds of the town of Grafton be issued not exceeding fifteen thousand dollars and be disposed as required by law, to be payable in not less than ten or more than fifteen years and to bear interest at six *per cent.* payable annually. The second section provided that the proceeds of the sale of these bonds should be paid to Mrs. Elizabeth Kalbe in payment of her loan made in April; 1874, and no more should ever be paid to her unless authorized by the

voters of the town in the manner provided by law. The third section provided, that the counsel should annually levy thirty cents on each one hundred dollars of property in said town to pay the interest and principal of said bonds to be issued; and the last section provided that this ordinance should be in force from March 21, 1881, provided there be cast on the election to be held on that day in favor of the ratification of this ordinance at least three fifths of the vote cast for and against the same. The ordinance then provided how the vote should be taken and the ballots ordered.

On March 8, 1881, the mayor of said town issued his proclamation giving notice to the voters of the town of Grafton, that this ordinance would be submitted to them for their ratification or rejection at the regular election of said town to be held on March 21, 1881; and this proclamation and notice was published for two weeks prior to this election in the only two newspapers printed in said town. The vote was regularly taken and three hundred and ninety-nine votes were cast, of which three hundred and twenty-seven voted for the ratification of this ordinance and seventy-two against it, more than three fifths of the vote being in favor of its ratification.

On the 30th of March, 1881, the town of Grafton, its mayor and all of its councilmen filed their joint answer to said bill. They admit the statements in the bill to be true and say, that the money was borrowed of Elizabeth Kalbe, then Elizabeth Texter, under section 30 of their amended charter, and was expended in the improvement of the streets, alleys and sidewalks of the town for the use and benefit of the taxpayers of the town. They also state that they have, since they were enjoined, abandoned the levy of forty cents on one hundred dollars, which they had made. They then state all the facts above stated, which had occurred since the filing of the bill, and further that this ordinance was passed for the assumption and payment in part of said loan by Mrs. Elizabeth Kalbe to the town, because the council feared that the loan was illegal, and desired to place the same on a legal basis so far as possible. This answer concludes thus: "Respondents therefore insist, that notwithstanding said debt may have been in its inception illegal, nevertheless since the

adoption of said ordinance by the voters of said town as aforesaid these respondents have the right to issue bonds, as provided in said ordinance, sell the same and use the proceeds arising therefrom to discharge so much of said debt, as is provided for by said ordinance. Respondents therefore pray, that said injunction may be dissolved or modified so as to permit these respondents to carry out the provisions of said ordinance. And having answered as fully as they are advised it is necessary pray to be hence dismissed."

This answer was sworn to by one of the councilmen. It was replied to generally on the day it was filed. The filing of this answer and the general replication thereto appearing by the same order made in court on March 30, 1881. Nothing more was done in this cause, no answer was filed by Mrs. Elizabeth Kalbe, and no depositions were taken by either party. And on August 4, 1881, the following final decree was entered by the court:

"And at a term of said court held as aforesaid, on the 4th day of August, 1881, this cause came on this day to be heard upon the process duly executed, bill and exhibits filed, bill taken for confessed as to Elizabeth Kalbe, and answer of Town of Grafton, Z. M. Cochran, F. M. Durbin, James Flanagan, John M. Rogers and M. H. Dent, and being set for hearing on the bill and answers, and was argued by counsel. On consideration whereof, it is adjudged, ordered and decreed that the injunction heretofore awarded be dissolved and the bill dismissed. On motion of A. Armstrong, who desires to present his petition to the Court of Appeals for an appeal from this decree, the execution thereof is suspended for sixty days from the end of this court, on condition that said A. Armstrong within that period file with the papers of this cause his bond, with good personal security, in the penalty of one thousand dollars, conditioned according to law."

The suspending bond was given; and on the petition of Adolphus Armstrong, one of the plaintiffs, an appeal and *supersedeas* has been granted to this decree.

*W. R. D. Dent* and *Martin & Woods* for appellant.

*H. J. Snively* and *M. H. Dent* for appellee.

GREEN, JUDGE:

The decree appealed from shows, that the circuit court decided this cause on the bill and answer. · The case, which is made by the bill and answer, and which is the only case the court below has acted on, is whether if the bonds issued to Elizabeth Texter now Elizabeth Kalbe for the loan made by her to the town of Grafton in 1874, were issued without a previous compliance with the statute-law authorizing such bonds to be issued, would they become valid by the formal ratification of the voters of the town in 1881 in the manner prescribed by law of an ordinance authorizing the town-council to borrow money and issue the bonds of the town therefor and authorizing them to apply the money, which might be so borrowed to the payment of these bonds issued in 1874 to Mrs. Elizabeth Texter now Mrs. Elizabeth Kalbe; and would this ordinance thus ratified confer now on the town-council a right to pay in the manner prescribed by this ordinance these bonds of Mrs. Kalbe. This case, the one really made by the bill and answer, the courts decided against the plaintiff, that is, decided that these bonds by reason of this recently ratified ordinance might be paid. The court of course regarded this ordinance and its legal ratification as a part of the case, on which it acted, as it was set out in the answer, which the court regarded as true, it not being replied to by the plaintiff. But the court committed a blunder in deciding this case as though heard on the bill and answer; for the record shows that this answer was replied to generally, when it was filed, four months before this decree was rendered.

The case as really shown by the record was far different from that decided by the court. There having been this general replication to the answer, and no proof having been taken, the new facts brought into the answer by way of avoidance, the passage of this ordinance and its ratification by a vote of the legal voters of Grafton, should have been considered as forming no part of the case acted upon by the court; and when excluded the whole case really, properly before the court, would have been the case stated in the bill, for all the allegations in the bill were admitted in the answer. The case made by the bill, the one really presented by this record is simply, whether the bonds issued by the town of

Grafton in 1874 to Mrs. Elizabeth Texter are valid, thus having been issued without first submitting to the qualified voters of said town all questions connected with the issuing of said bonds. On this question the circuit court of Taylor county has never acted. The case it acted upon, as we have seen, being the case made by the bill and answer was an entirely different case, involving not the question of the original validity or invalidity of these bonds but the question, whether they could not now be paid, whether originally valid or invalid, by reason of the ratification of the ordinance in 1881 authorizing their payment.

It is clear, that this Court must set aside, reverse and annul the decree of August 4, 1881, because it was based on the bill and answer only, and because the court failed to consider the general replication to the answer, which had been filed four months before, and which entirely changed the case. And the appellant must recover of the appellees other than his co-plaintiffs his costs in this Court expended. But this Court cannot render a decree on the merits of the case, because its real merits as shown by the record have never been acted upon or considered by the court below, the case, which it did consider and decide, being, as we have seen, entirely different from the case presented by this record. This is a court of appellate, not original jurisdiction. Our duty is to review the decisions of the circuit court. It is not proper for us to render a decision on a case which has never been considered or decided by the circuit court. If the case has been submitted to the court, we must presume that it acted upon all the questions involved in the case thus submitted; and upon appeal we would decide all such questions, even though we might believe that certain of them had not been considered by the court below. But if the record affirmatively shows, that the court below, as the case was submitted to it, could not properly have acted on the case presented to this Court by the record, but had fairly submitted to its judgment by a blunder a far different case, then this Court should after setting aside its decree remand the case to the circuit court to be first decided by it, and not undertake to consider first and act upon the case ourselves, as if we were a court of original jurisdiction.

In the case of *Chaplin* v. *P. & S. R. R. Co. et al.*, 18 W. Va. 199, this Court declined to decide, whether an attachment should be quashed on the ground that the affidavit, on which it was based, was fatally defective, because it affirmatively appeared, that though this question might have been decided by the court below, yet it never had been, but this part of the case had been continued.

In thus declining to act upon the case as at present presented it must be understood, that we have considered none of the questions so elaborately argued in this Court. We have not considered, whether the original bill is so defective as to be liable to demurrer; and if the plaintiffs desire to amend it on the return of this case to the circuit court, they should be allowed to do so. Nor have we considered whether the answer, which has been filed, can be considered as a cross-bill; and this question is left open for the circuit court to determine on the return of this case to that court, if it becomes necessary. The defendant, Elizabeth Kalbe, should, if she asks, be allowed to file her answer; and depositions should be permitted to be taken by any of the parties. In short the cause will be proceeded with in the circuit court precisely as if no decree had been rendered by that court or by this Court. We by our action simply reverse the decree of August 4, 1881, as entered by inadvertance on a different case than that presented by the record, and remand the cause to the circuit court of Taylor county to be proceeded with, as if no decree had ever been entered in said cause, in accordance with the principles laid down in this opinion and further according to law.

REVERSED AND REMANDED.