# CHARLESTON.

## ECHOLS *v.* TRACEWELL *et al.*

Submitted January 17, 1903. Decided March 28, 1903.

1. DECREE—*Reversal—Circuit Court—Replication.*

A decree reversed for the reason that the circuit court in its final determination inadvertently overlooked the fact that the answer when filed had been replied to generally. *Armstrong* v. *The Town of Grafton*, 23 W. Va. 50. (p. 615).

Appeal and *supersedeas* from Circuit Court, Wood County.

Action by Sallie P. Echols against W. S. Tracewell. Judgment for defendant and plaintiff appeals.

*Reversed and Remanded.*

MERRICK & SMITH, for appellant.

V. B. ARCHER and WM. BEARD, for appellee.

DENT, JUDGE:

Sallie P. Echols appeals from a decree of the circuit court of Wood County, dismissing her bill filed against W. S. Tracewell, seeking to cancel a tax deed executed to him by the clerk of the county court of said county, and for other relief.

The plaintiff alleges in her bill in substance that she is the owner in fee of a certain lot of land situated near the Little Kanawha river, opposite the city of Parkersburg in said county which was conveyed to her on the 30th day of October, 1899, by J. N. Robinson, and that the defendant had obtained from B. F. Stewart, clerk of the county court of said county a tax deed for such lot of land, bearing date the 19th day of February, 1901, reciting therein a sale by C. A. Wade, sheriff of such county in month of February, 1900, for one dollar and forty-five cents taxes delinquent and charged thereon in the name of J. N. Robinson, in the year 1897. Plaintiff further alleges that no such assessment of taxes was made, no such delinquency occurred, and no such sale was ever made, but that such tax deed is wholly illegal, null and void.

The defendant files his answer in which he admits that there was no assessment, delinquency or sale in the name of J. N. Robinson, but by way of avoidance of plaintiff's charges, alleges that by mistake of the clerk, such lot of land was placed on the tax books in the year 1897, in the name of J. R. instead of J. N. Robinson, and was returned delinquent, and the sale was made in the name of J. R. Robinson, and that in making the deed the name was corrected. He files with his answer a copy of the land book, showing a tract or lot of land assessed in the name of J. R. Robinson for the year 1897, described as a "lot Spencer Est." "Con. by B. F. Stewart, C. W. C. C."

To this answer the plaintiff replied generally. No proof was taken by the defendant. The circuit court in deciding the case, as shown by its final decree, overlooked the fact that a general replication had been entered on the 27th day of November, 1901, and proceeded on the 23d of August, 1902, to decide the case on bill and answer without regard to the gen-

eral replication. The case as made out by bill and answer is entirely different from that appearing on bill and answer with general replication thereto. On bill and answer the new matter set up by defendant in avoidance of plaintiff's claim is taken as true, and no proof thereof is required. But on bill and answer with general replication such new matter must be sustained by proof or wholly disregarded on the hearing. This case as it now stands is controlled by the case of *Armstrong* v. *The Town of Grafton,* 23 W. Va. 50, wherein it is held: "If by inadvertence the circuit court decides a cause upon the bill and answer, when the record shows that the answer had been replied to generally and the case made by the bill, answer and general replication, this Court will reverse the decree so entered on the bill and answer. It will, however, enter no decree in the cause made by the bill, answer and general replication as such cause has never been before the circuit court for consideration, and has never been acted upon by it. This Court will simply remand the case to the circuit court to be proceeded with as if no decree had been entered in the case."

The decree is reversed, with costs to the appellant, and the cause is remanded.

*Reversed and Remanded.*