## LEWIS SEIBRIGHT *vs.* THE STATE.

### July Term, 1867.

1. The writ of *certiorari* is directed to the clerk of the court below, and not to the judge; and the purpose of the writ is not to cause a record to be made or corrected, but to have brought before the appellate tribunal, when part of the record is omitted, the whole or any part of such record.†

2. Even if the verdict of the jury, in the opinion of the appellate tribunal, has been against the weight of evidence, and the court below has refused a new trial, it would be improper for the appellate tribunal to interfere with its decision.

3. Where a party is charged in an indictment, with selling diseased and corrupted meat, without making the same known to the buyer, it is sufficient if it be proven that he did knowingly sell such meat in the market; the presumption of law being that the sale was unlawful. And it is incumbent on the defendant, to escape the penalty of the law, to prove that at the time he made the sale he disclosed to the buyer that the meat was corrupted or unsound.

4. The evidence disclosed that the offense (selling unwholesome meat) was committed at the lower market in Wheeling. HELD:

   That the court will judicially take notice that the city of Wheeling is the county seat of, and is within Ohio county; although it was not proven on the trial, to be within the county of Ohio, where the indictment was found.

A bill of indictment was found against *Lewis Seibright,* by the grand jury of *Ohio* county, at the March term, 1867, for selling at the fifth ward market-house in the city of *Wheeling,* in said county of *Ohio,* diseased, corrupted, unsound and unwholesome meat. A trial was had, on the plea of not guilty, at the same term, when the jury found the defendant guilty and assessed his fine at 100 dollars. The defendant moved the court to set aside the verdict and grant a new trial, for reasons set forth in writing. (The reporter presumes on the ground that the verdict was contrary to the

*Absent from illness.        † Code, 1860, chap. 182, sec. 8.

evidence, but the record does not disclose that fact.) The motion was overruled, and the party was sentenced by the court to confinement in the county jail for thirty days, in addition to the fine imposed by the jury.

The defendant excepted to the ruling of the court and the evidence was certified.

It is unnecessary to state much of the evidence certified, as this court determined that, if the verdict of the jury was against the *weight* of the evidence, and the circuit court below had refused a new trial, it would be improper for this court to interfere with that decision. It was proven, however, that the meat was sold at the lower market in the city of *Wheeling;* and by some witnesses that it was unsound; whilst others, for the defendant, proved that it was not unsound. The evidence as disclosed by the record was confused and contradictory.

Before the case was heard in this court on the merits, the defendant filed a petition for a writ of *certiorari* to the judge of the circuit court, commanding him to cause a more perfect copy of the record of the proceedings of the circuit court, alleging certain errors therein. The grounds of this petition are stated in the opinions of the judges.

*Stanton & Allison* for plaintiff in error.
*Attorney General Melvin* and *A. B. Caldwell* for the State.

BROWN, President. This is a motion for an award of a writ of *certiorari* to the circuit court of Ohio county upon a suggestion of a diminution of the record, supported by affidavit. The diminution set forth is in the bill of exceptions. It is alleged in the affidavit that the bill of exceptions was tendered by the petitioner, Seibright, and signed and sealed by the judge and made part of the record, without including certain words set forth in *hæc verba* in the affidavit. That after the said bill of exceptions had been so signed, the words so set forth and objected to, were interpolated into said bill without the consent and against the will of the prisoner, Seibright, or his counsel. And it is admitted in the argu-

ment that the fact was that the judge, who signed the bill of exceptions, made the interpolation according to his view of the truth of the case before the close of the term of the court at which the trial was had and the bill of exceptions tendered and given; no question of fraud or misconduct being suggested, but the simple question being presented for the consideration of the court, viz: whether it was competent to thus change or correct the bill of exceptions without the consent of the prisoner, after the bill had been signed and sealed by the judge and ordered to be made part of the record, provided the alteration and correction be so made before the close of the the term.

The parties, by their counsel, have chosen to argue the case in full and at great length upon the facts and merits of the case, and no reason is perceived why the court should not now decide the case upon the merits, without waiting the return of the writ of *certiorari* and a rehearing of the case.

It has been contended that the bill of exceptions in this State stood upon the same footing as in England under the statute of Westminster, and was the private paper of the party taking the exception, and did not become part of the record of the court below, but only of the appellate court when the party taking it made it such. But such has not been the practice in the courts of Virginia or of this State, nor is such view warranted by our statutes. The object of a bill of exceptions is to spread upon the record and preserve the facts of the case, that the party excepting may have them, and the court's action upon them, reviewed in the appellate court. It is the office and duty of the court to give the party such a bill, stating the facts truly and fairly, and if the bill presented by him fails to state the facts truly and fairly it is the duty of the court to point out to him wherein the same is incorrect and how to correct the same, or the court may correct the same for him according to the right of the case; this the court may and ought to do before signing the bill, but if by inadvertence it should afterwards be discovered before the close of the term that some material fact

had been omitted no reason is perceived why the court should not correct the bill accordingly. For during the term the proceedings and records are under the control of the court. The object of the law being to secure justice by the machinery of courts it would be a dereliction of duty not to make the record correct and true while the matter was still open and under the control of the court. Nor is it admitted that a bill of exceptions once signed is a private paper, under the control and at the disposal of the party; on the contrary from the moment of such signature and entry on the record it becomes a part of the record of the case under the control of the court as all the rest of the record in the case is, nor more nor less. Had then the writ been awarded and the facts of the case shown, on the return to that writ, precisely as they are admitted in the argument of this motion to be, I should have no doubt it would be the duty of this court to dismiss or quash the writ at the costs of the petitioner and proceed upon the record as it is. And it is equally clear that in this state of the case the motion for the award of said writ ought to be overruled.

MAXWELL, J. The plaintiff in error has filed here his petition and affidavit in which he "prays that a *certiorari* may be awarded to the judge of the said circuit court of Ohio county, commanding him that he cause a more perfect copy of the record of the proceedings of said court to be certified to this court." Section 8 of chapter 182, Code of Virginia, provides that, "the appellate court or judge thereof may when a case has before been in such court, inspect the record upon the former appeal, writ of error or supersedeas. And such court may, in any case, award a writ of *certiorari* to the clerk of the court below, and have brought before it, when part of a record is omitted, the whole or any part of such record."

Under this section if Seibright had simply made a suggestion of error or diminution in the record and asked for the writ, it would be the duty of this court at once to "award a writ of *certiorari* to the clerk of the court below

and have brought before it" the whole record, or such part of the record as might have been omitted. But he goes further. He prays that a *certiorari* may be awarded because the copy of the bill of exceptions certified as part of the record, contains certain words which the bill of exceptions itself did not contain when it was made part of the record, and asks that the record be certified without the words referred to. It appears from the petition which accompanies the record of this case here, and from the admission made at bar in the argument of this motion, that the words which appear in the copy of the bill of exceptions and which are objected to, were inserted in the bill of exceptions by the judge who tried the cause; that they were so inserted in open court on the day that the bill of exceptions was signed but after it was signed, and that the words were inserted to make the bill of exceptions, in the opinion of the judge, conform to the facts of the case. When the bill of exceptions was signed it became a part of the record of the case. Code of Virginia, page 840, section 1. Like other records of the court, it was in the breast of the court during the term, and might in like manner be corrected by it during the term, but not afterwards. It appears, then, that the record of the case before us is a true copy of the record of the case remaining in the court which tried the cause. If the alteration made in the bill of exceptions by the judge stated the case falsely, (but it is not pretended that it does) the party injured would have had a right to a compulsory process against him to compel him to sign a bill of exceptions correctly stating and certifying the facts, if he had taken the proper steps at the time.

The purpose of the writ of *certiorari* to the clerk of the court below, is not to cause a record to be made or corrected, but, as I have before said, to have brought before this court, where part of the record is omitted, the whole or any part of such record. The copy of the record of this case before us being full and complete it would avail nothing to award the writ, therefore, I think, the motion ought to be overruled and the writ refused.

The bill of exceptions, though it undertakes to certify the facts proved on the trial before the jury, in fact only certifies the evidence, which is confused and uncertain. If the verdict of the jury had been, in the opinion of this court, against the weight of the evidence, the court below having refused a new trial, it would be improper for this court to interfere with its decision. *Grayson* vs. *Com.*, 6 Gratt., 712.

It is claimed that this court should reverse the decision of the court below because it does not appear from the evidence certified that the State proved that the defendant sold the diseased, corrupted and unwholesome meat as charged in the indictment, *without making the same known to the buyer.* If it was proved to the satisfaction of the jury, as it must have been, that the defendant did knowingly sell diseased, corrupted or unwholesome meat in the Wheeling market to be eaten by the citizens of Wheeling, it should be presumed that such selling was unlawful, and it would have been incumbent on the defendant, to escape the penalty of the law, to have proved that at the time he made the sale, he made it known to the buyers that the meat was diseased, corrupted or unsound. *Com.* vs. *Conner*, 5 Leigh, 718.

It is also claimed that the evidence certified does not prove the offense to have been committed in the county of Ohio where the indictment was found and the case tried. The evidence is that the offense, if committed at all, was committed at the lower market in Wheeling. This court will take notice judicially that the city of Wheeling is the county seat of, and is within Ohio county.

I am of opinion that the judgment ought to be affirmed with costs.

The President concurred with Judge Maxwell in his opinion on the merits.

JUDGMENT AFFIRMED.