# CHARLESTON.

NUZUM *et al.* v. NUZUM *et al.*

Submitted October 26, 1915. Decided November 23, 1915.

1. EQUITY—*Jurisdiction—Remedy—Pleading.*

Where it is charged in a bill and amended bill in chancery that plaintiffs and another were induced, by persons who are defendants, to subscribe for shares of the capital stock and to sign a subscription for stock of a corporation to be thereafter formed and to pay into a bank, as a depository thereof, the money to be paid in full for such subscription, and that the statements so made, and upon which the persons so subscribing and paying relied, are false and untrue and are "made fraudulently, falsely with the intent to deceive the

plaintiffs, and with knowledge that each and every one of said statements was false and untrue'', and the money was paid to the bank and received by it for that purpose, and it is alleged that one of the persons charged in the bill to have been interested in the transaction, secures a judgment by fraud against the cashier of the bank holding said money, and thereby withdraws the money from the bank, a court of equity has jurisdiction to hear and determine such controversy and to decide whether or not the contract should be canceled and the money returned to the persons who paid it to the bank. (p. 203).

2. APPEAL AND ERROR—*Disposition of Cause—Erroneous Dismissal—Equity.*

When a case is submitted on the bill and answers, and replications thereto, and depositions, and the court erroneously decides ''that the plaintiffs have a plain, adequate and complete remedy at law for the relief prayed for, and that this court is, therefore, without jurisdiction'', and dismisses the cause with costs, without considering or passing upon the evidence, this court will reverse the decree, and remand it to the circuit court for further proceedings to be had therein. (p. 206).

3. SAME—*Presentation and Ruling Below—Necessity.*

The supreme court will not consider questions not yet acted upon by the circuit court in the case. (p. 206).

Appeal from Circuit Court, Harrison County.

Suit by Nimshi Nuzum and others against Gideon S. Nuzum and others. Suit dismissed, and plaintiffs appeal.

*Reversed and remanded.*

*Frank M. Powell* and *Steptoe & Johnson,* for appellants.

*Taney Harrison,* for appellees.

MASON, JUDGE:

This is a chancery suit brought by Nimshi Nuzum and nine others against Gideon S. Nuzum, A. M. C. Hudson, George Rinehart, and the Bank of Cairo, seeking to have the Cairo bank pay to them the amount of money paid by each to the said bank upon a subscription for stock in a corporation to be thereafter organized. The plaintiffs charge in their bill that the defendants Gideon S. Nuzum and A. M. C. Hudson approached them with a proposition to sell to plaintiffs stock in a contemplated oil and gas corporation; that the said

Gideon S. Nuzum and Hudson represented to plaintiffs that they (said Nuzum and Hudson) had commenced a well for oil and gas, but were compelled to stop drilling at a depth of thirteen hundred feet until they secured more funds by the sale of additional stock; that said Nuzum and Hudson represented that a number of test wells had been drilled near the property leased, and that each well was a good producing gas well; that the said Nuzum and Hudson represented that each of them had invested a thousand dollars of his own money, holding a receipt for its deposit in the Bank of Cairo; that the said defendants represented that they had sold various blocks of stock to persons known to plaintiffs, and that they had only thirty shares of stock left for sale, after the sale of which the organization of the company could be completed and the well could be finished. The plaintiffs charge that the said Gideon S. Nuzum and Hudson made such statements falsely and fraudulently with the intent to deceive plaintiffs, with the knowledge that their statements were false and untrue. Plaintiffs further aver that believing the statements of the said Gideon S. Nuzum and Hudson to be true, they agreed to take stock in the proposed corporation to the extent of an amount aggregating sixteen hundred dollars, and that each paid for his subscription by placing the money in the Bank of Cairo.

In an amended bill of complaint, plaintiffs further charge "that there was a secret agreement between George Rinehart, A. M. C. Hudson and Gideon S. Nuzum by which they were to sell stock in the contemplated oil and gas corporation, and was to cause to be paid into the Bank of Cairo for the use of George Rinehart all the money received from the sale of said stock; and further, they were to receive and did receive thirty shares of stock in the contemplated oil and gas company for which they were not to pay, and have not paid, and that George Rinehart was to have fifteen hundred dollars worth of stock in the said contemplated oil and gas company, for which he was not to pay, and has not paid; that the said George Rinehart fraudulently, falsely, and with intent to deceive the plaintiffs, issued or caused to be issued receipts to Gideon S. Nuzum and A. M. C. Hudson for one thousand dollars each for stock subscribed by Gideon S. Nuzum and A. M. C. Hud-

son in the contemplated oil and gas company, for which stock there was a secret agreement and understanding by and between George Rinehart, Gideon S. Nuzum and A. M. C. Hudson that they were not to pay to George Rinehart or any one for George Rinehart, or to the contemplated oil and gas company.'' Plaintiffs further aver that ''George Rinehart by virtue of some kind of a secret agreement with G. F. Hess, cashier of the Bank of Cairo, obtained judgment against G. F. Hess, cashier of the Bank of Cairo, and collected the sum of sixteen hundred dollars, by reason of that agreement and judgment obtained, of which fourteen hundred dollars belonged to plaintiffs; that the fourteen hundred dollars paid into the Bank of Cairo, and which was paid out to George Rinehart, was money which was obtained by fraud, misrepresentation on the part of Gideon S. Nuzum and A. M. C. Hudson, and by reason of the receipts issued or caused to be issued by George Rinehart and exhibited to plaintiffs by Gideon S. Nuzum and A. M. C. Hudson.''

The defendants demurred to the bill and amended bill. The demurrers were overruled. Answers were filed by all the defendants. By an order made in the cause, plaintiff Justus F. Nuzum was transferred from plaintiff to defendant. A large number of depositions were taken by the parties.

On the 3rd of July, 1914, the cause was submitted to the court on the bills and answers, and depositions, and the court without passing upon the facts, entered a decree reciting that ''the court being of opinion that the plaintiffs have a plain, adequate and complete remedy at law for the relief prayed for, and that this court is, therefore, without jurisdiction'', ordered ''that this cause be and the same is hereby dismissed at the costs of the plaintiffs, but without prejudice to the rights of the plaintiffs or any of them to institute such action or actions at law as they or any of them, may be advised that they have a right to take.'' From this decree, the plaintiffs have appealed to this court.

The cause was dismissed by the circuit court for the reason that the plaintiffs had a plain, adequate and complete remedy at law for the relief prayed for, and that being true, there was no equity jurisdiction. We are of opinion that the facts stated present a proper case for equity jurisdiction. It is

alleged, not only that the contract was procured by the fraudulent representations of the two principal defendants, but that a common fund was created and placed in the Bank of Cairo, for the purpose of paying for stock in the corporation to be thereafter formed, but also that the said fund was seized by a fraudulent judgment procured by the defendant Rinehart, in connection with the cashier of the said bank, and sixteen hundred dollars' of the money withdrawn from the bank in this way by the defendant Rinehart. For these reasons and others alleged in the bill and amended bill, it is plain that this is a proper case for a court of equity.

We are of opinion that the circuit court, instead of dismissing the case for want of jurisdiction, should have read the depositions and considered all the evidence in the cause, and have decided the case upon its merits. The final determination of this cause depends upon the facts, and as they are controverted, this court can not pass upon them except in review of what has been decreed by the circuit court. This is an appellate court and has no original jurisdiction in cases of this kind. It is not proper for us to render a decision on a question which has not been considered or decided by the circuit court. This cause has never been passed upon on its merits, and we cannot pass on such questions except in review of the decision of the circuit court. It has been held in numerous cases that this court will not consider points not determined by the circuit court. *Armstrong* v. *Town of Grafton,* 23 W. Va. 50; *Burke* v. *Adair,* 23 W. Va. 139; *Harris* v. *Hauser,* 26 W. Va. 595; *Cobb* v. *Railway Co.,* 35 W. Va. 65; *Bank* v. *Gould,* 42 W. Va. 132; *Woods* v. *Campbell,* 45 W. Va. 203; *Kesler* v. *Lapham,* 36 W. Va. 293; *Robrecht* v. *Robrecht,* 46 W. Va. 738; *Clark* v. *Sayers,* 48 W. Va. 33.

We reverse the cause with costs to the appellant in this court, and remand it to the circuit court of Harrison County for further proceedings to be had therein.

*Reversed and remanded.*