### PARAMOUNT PEST CONTROL SERVICE v. BREWER et al.

### No. 11892.

United States Court of Appeals
Ninth Circuit.
Nov. 16, 1948.

---

Kenneth C. Gillis, of Oakland, Cal., and Robert R. Rankin, of Portland, Or., for appellant.

Plowden Stott and Collier and Bernard, all of Portland, Or., for appellees.

Before DENMAN, Chief Judge, and BONE, Circuit Judge, and McCORMICK, District Judge.

McCORMICK, District Judge.

This appeal is from the final judgment of the district court for the District of Oregon, entered February 14, 1948, denying an injunction and dismissing the complaint in the court below without costs.

Jurisdiction of the action in the district court is unquestionable under the record before us. 28 U.S.C.A. § 1332. The appeal taken from the whole of the final judgment is before us under 28 U.S.C.A. § 1291 and Rule 73, Federal Rules of Civil Procedure, 28 U.S.C.A.

The record discloses an action by Paramount Pest Control Service, a corporation (herein called Paramount) as plaintiff in the district court against Charles P. Brewer, individually and doing business as Brewer's Pest Control, Rosalie Brewer, his wife, Raymond Rightmire, Earl Merriott and one Carl Duncan as defendants. Duncan did not appear in the action as no service of process was made upon him.

The gravamen of the suit and a basic issue in the court below under the pleadings, interrogatories and evidence in the record pertains to charges of conspiracy made by Paramount against the defendants and also alleged damaging overt acts by defendants in furtherance thereof. There is also in the record a litigated issue concerning an employment agreement between Paramount and defendant Rightmire. The record before us is devoid of findings of fact upon such essential issues in the suit.

This court of appeals has no power ab initio to consider under the record before it the issue of conspiracy or the concomitant claim of damages.

The judgment dated February 14, 1948 is therefore vacated and the cause is remanded to the district court for the District of Oregon with direction to reconsider the issues under the record heretofore made during the trial of the action in the district court, to make thereupon specific findings of fact and conclusions of law on the issues of conspiracy and upon the claims of damages, and also upon the employment agreement alleged in Paragraph III (b) of the complaint with defendant Raymond Rightmire; and upon all other crucial issues, and upon so doing to enter final judgment in the action. Times-Mirror Co. et al. v. National Labor Relations Board, 331 U.S. 789, 67 S.Ct. 1347.