FRED PETTRY, *Administrator of the Estate* OF SANDRA KAY PETTRY

*v.*

THE CHESAPEAKE AND OHIO RAILWAY COMPANY,

*a Corporation*

(No. 12206)

Submitted on Rehearing January 29, 1964.

Decided on Rehearing March 31, 1964.

444

CALHOUN *and* BROWNING, JUDGES, dissenting.

*Huddleston & Bolen, Amos A. Bolen, Edwin W. Conley,* for appellant.

*W. Hayes Pettry, Rudolph L. Di Trapano,* for appellee.

BERRY, JUDGE:

This case involves a civil action instituted in the Common Pleas Court of Kanawha County by Fred Pettry, Administrator for the Estate of Sandra Kay Pettry, deceased, against the Chesapeake and Ohio Railway Company, a corporation. The plaintiff's decedent, a nineteen months old child was struck and killed by one of the defendant's freight trains near Coalburg, Kanawha County, West Virginia on September 1, 1960.

At the trial of the case in the Common Pleas Court the jury returned a verdict in favor of the plaintiff in the amount of $10,000. The defendant's motion for a judgment notwithstanding the verdict or in the alternative for a new trial was overruled by the trial court and a judgment on the verdict was rendered for the plaintiff by an order entered in the trial court December 20, 1961. On April 19, 1962, almost four months after the final judgment was entered by the trial court, and almost at the expiration of the time allowed for such appeals a petition for an appeal addressed to the Judge of the Circuit Court of Kanawha County as an Intermediate Appellate Court was filed, with the original record composed of orders, papers, exhibits and a transcript of the testimony and pro-

ceedings had before the trial court certified only by the official reporter being made a part of the petition and presented therewith. The transcript of the testimony and proceedings was filed in the trial court at the same time the petition was filed, that is, on April 19, 1962, although the transcript of the testimony and proceedings was completed and had been certified by the official reporter on January 13, 1962, over three months before it was filed with the petition to the Circuit Court for an appeal. On the same day the petition for appeal was filed in the trial court, it was also filed in the Circuit Court as an Intermediate Appellate Court and a copy of the petition for an appeal was sent to the appellee, plaintiff below, which indicated that the transcript had been filed in the trial court at that time. The record was not indexed as required by Code, 58-4-6, nor was there any identification or certification of any nature by the clerk of the trial court. Although the record shows that a bill or certificate of exception in proper form was prepared by the official reporter, the lines for the date and certification by the Judge of the Common Pleas Court of Kanawha County were left blank.

The Circuit Court of Kanawha County, upon considering the petition for appeal, refused to grant a writ of error and gave as the reason therefore the failure on the part of the appellant to give prompt notice to the appellee of the filing of the transcript of the proceedings had and testimony taken during the trial, as required by Rule 80(c), West Virginia Rules of Civil Procedure.

Upon application to this Court, an appeal and supersedeas to the order dated June 5, 1962, of the Circuit Court of Kanawha County, refusing to grant the writ of error or appeal, was granted on December 11, 1962. This case was docketed for the 1963 Special April Term of this Court and was submitted to the Court for decision on arguments and briefs May 7, 1963.

Counsel for the appellant assigned as error the holding of the Intermediate Appellate Court that prompt notice had not been given as to the filing of the transcript of the

testimony and proceedings because they had not only mailed a copy of the petition on the day it was filed in the trial court and the Intermediate Appellate Court, but they had also sent notice of the filing three days after the petition and record was filed in the Intermediate Appellate Court. The appellee, plaintiff below, asserted that timely notice had not been given to them of the filing of the transcript but also contended in this Court that the transcript certified by the official reporter and filed with the petition for an appeal to the Circuit Court was not the proper procedure to be used in the instant case which came before the Circuit Court on appeal from an inferior court of record. The reason given for this latter contention was that Rule 80 of the West Virginia Rules of Civil Procedure, which abolished bills and certificates of exceptions and substituted a transcript of the proceedings had and testimony taken at the trial in lieu of such bills and certificates of exceptions, was not applicable on appeals from the Common Pleas Court to the Circuit Court acting as an Intermediate Appellate Court by virtue of the qualifications and exceptions contained in Rule 81 (a) (1), West Virginia Rules of Civil Procedure, and that bills or certificates of exceptions were still necessary for proper appellate procedure in such cases.

Inasmuch as the Circuit Court of Kanawha County refused to grant the writ of error or appeal on the grounds that it did not have jurisdiction to consider the appeal and did not pass on the merits or questions of substantive law relative to the case and because the writ of error granted by this Court to the judgment of the Circuit Court is based purely on jurisdictional grounds, this Court will only direct its attention to such grounds. It has been uniformly held by this Court that it will not consider questions nonjurisdictional in their nature not acted upon by the circuit court. *Armstrong* v. *Town of Grafton,* 23 W. Va. 50; *Kesler* v. *Lapham,* 46 W. Va. 293, 33 S. E. 289; *Nuzum* v. *Nuzum,* 77 W. Va. 202, 87 S. E. 463; *Amherst Coal Co.* v. *Prockter Coal Co.,* 80 W. Va. 171, 92 S. E. 253; *Cameron* v. *Cameron,* 105 W. Va. 621, 143 S. E. 349; *Cook* v. *Collins,* 131 W. Va. 475, 48 S. E. 2d 161; *In Re: Nicholas Estate,* 142 W. Va. 80, 94 S. E. 2d 452.

On June 18, 1963, an opinion was prepared and filed by the majority of this Court affirming the Circuit Court setting out several grounds and reasons therefor not previously given by the Circuit Court as its reason for refusing to grant the writ of error, and also discussing the reason given by the Circuit Court in the opinion, all of which was done at the time for the benefit of the Bar in connection with such matters.

A petition for a rehearing was filed by the appellant on July 17, 1963, stating as its reasons for requesting the granting of the rehearing that some of the matters discussed in the opinion had not been raised by the parties, that no opportunity had been afforded them to brief and argue these matters, that great interest had been evoked in the State Bar and that concern had been expressed in connection with the opinion, and that it was believed if a rehearing was granted that interested and official groups would desire to be heard. This Court granted the rehearing on December 13, 1963, and the rehearing was set for argument on January 28, 1964, at which time it was again submitted to the Court on arguments by the parties. No other interested or official groups appeared or asked to be heard.

Upon the rehearing only two of the grounds involved in this case were argued; namely, whether or not bills or certificates of exceptions were required in cases of this kind, and if such bills and certificates of exceptions were not required, then whether or not prompt notice had been given in connection with the filing of the transcript of the proceedings had and testimony taken at the trial. It will only be necessary for the disposition of this case to consider the first matter argued and briefed.

No bill of exception or certificate in lieu thereof was obtained in connection with this appeal. The transcript, with copy thereof, was completed and certified by the official reporter about three weeks after final judgment of December 20, 1961, was entered by the Court. Both the transcript and copy were apparently obtained from the court reporter by the attorneys for the appellant at that

time and not filed in the trial court for over three months after the completion of the transcript, and even then filed only with the petition for an appeal to the circuit court. No copy of the transcript of the testimony or proceedings was filed by the reporter in the office of the Clerk of the Common Pleas Court of Kanawha County, which is required in all cases of appeals by the provisions of Code, 51-7-4, as amended. It can be seen that proper procedure for appeal in any event was not followed in the case at bar.

It is the contention of the appellee that a bill or certificate of exception was necessary in order to effect an appeal to the Circuit Court in this case. It is the contention of the appellant that Rule 80 (f), Rules of Civil Procedure, abolishes bills and certificates of exceptions and that inasmuch as Rule 1 states that the Rules of Civil Procedure govern the procedures in all trial courts of record, such bills or certificates of exceptions are not necessary or required in an appeal from an inferior court of record to the Circuit Court as an Intermediate Appellate Court.

The West Virginia Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, and by necessity such Rules are applicable to appellate procedure when cases are appealed from a trial court of record and the Rules provide for certain procedure to be used in an appellate court. See "Federal Appellate Practice as Affected by the New Rules of Civil Procedure", 24 Minn. Law Review 1, (1939-40).

Rule 80 (b), (c), (d) and (e) of the West Virginia Rules of Civil Procedure provides for comparable procedure to some of the provisions contained in Federal Rule 75 dealing with appellate procedure, and other provisions contained in Federal Rule 75 dealing with this matter are covered by statutes in this state, such as Code, 51-7-4, as amended, requiring a certified copy of the transcript to be filed by the official reporter in the office of the clerk of the trial court in all cases of appeal.

Rules 46, 51, 52 (a), 60 (a) and 61 of the West Virginia Rules of Civil Procedure, as well as others, including por-

tions of Rule 80 and 81 (a) (1), deal with matters pertaining to appellate procedure. Rule 46 deals with objections and exceptions to the action of a trial court for the purpose of having such action considered by an appellate court. Rule 51 states when an appellate court may consider the giving or refusal to give instructions by a trial court without objections being made to such action. Rule 52 (a) provides for findings of fact and conclusions of law by a trial court in all actions tried upon facts without a jury for use by an appellate court upon review. Federal Rule 52 (a) is in the same language and an appeal will be remanded by the Federal Appellate Courts if such findings or conclusions are not made. *Paramount Pest Control Service* v. *Brewer,* 170 F. 2d 553; *Campbell* v. *Campbell,* 170 F. 2d 809; *Smith* v. *Dental Products Co., Inc.,* 168 F. 2d 516. Rule 60 (a) provides for correction of mistakes in the record when a case is in the appellate court. Rule 61 deals with what may be considered as harmless error in an appellate court. It corresponds to the provisions of Code, 58-1-2 and 3, but is somewhat broader. These code sections are contained in the Chapter on "Appeal and Error" in the West Virginia Code, and are applicable to both trial courts and appellate courts.

Rule 80 (f) of the Rules of Civil Procedure abolishes bills and certificates of exceptions but Rule 81 (a) (1) specifically states that: *"These rules do not apply to any case which comes before a Circuit Court upon appeal from * * * any court of record * * * ."* [emphasis supplied]. The Common Pleas Court of Kanawha County is a "court of record". Rule 80 (f), R.C.P., is one of "these rules", and it just does not apply to any case that comes before a Circuit Court *acting as an intermediate appellate court* in such cases under the provisions of Code, 58-4-1. The same thing is true with regard to the other Rules of Civil Procedure dealing with appellate procedure because the plain language of Rule 81 (a) (1) provides that they are not applicable in such case.

It might be well to state that notwithstanding Rule 80 (f), R.C.P., bills or certificates of exceptions are still required when necessary, both in the Circuit Court and in

this Court for appellate purposes in the following cases: In all ex parte proceedings, Rule 81(a) (4), R.C.P.; in the extraordinary proceedings of mandamus, prohibition, certiorari, habeas corpus, quo warranto, and upon information in the nature of a quo warranto, Rule 81(a) (5), R.C.P.; in eminent domain proceedings to condemn real or personal property, Rule 81(a) (6), R.C.P.; and in juvenile proceedings, Rule 81(a) (7), R.C.P. They are also not abolished in appeals from county courts when needed on appeal, Rule 81(a) (1), R.C.P.; Code, 58-3-3. They are also necessary in an appeal of a criminal case because the Rules of Civil Procedure are not applicable to criminal cases.

It will thus be seen that although Rule 80(f) says that bills and certificates of exceptions are abolished there are many instances, by virtue of provisions contained in the Rules and otherwise, in which they must be used for appellate purposes.

It is the contention of the appellant that bills and certificates of exceptions and transcripts of the proceedings had and testimony taken at a trial used in lieu thereof are trial court papers and are not a part of the appellate procedure. This matter was discussed by this Court in the case of *Seibright* v. *The State,* 2 W. Va. 591, 593, which was decided in 1867, wherein it is stated: "The object of a bill of exception is to spread upon the record and preserve the facts of the case, that the party excepting may have them, and the court's action upon them reviewed in the appellate court." The purpose of bills of exceptions was again clearly defined in the case of *State ex rel. Alderson* v. *Cunningham,* 33 W. Va. 607, 11 S. E. 76, as follows: " * * * we can only consider the legal and proper office of a *bill of exceptions,* which is to obtain relief by an appeal to a higher judicial tribunal of the State." The following statement relative thereto is contained in 8 M.J., Exceptions, Bill of, §3: "The office of a bill of exceptions is to call the attention of the court to some specific matter as to which error is claimed. The duty rests upon the appellant or party claiming to have been prejudiced to prove the alleged error; * * *". It might be well to point

out in this connection that their primary purpose is for use when a case is appealed in order to have the transcript of the proceedings and evidence made a part of the record for review by an appellate court. They are needed only when a case is appealed because a trial court either remembers the evidence and what proceedings were had before it during the trial and if not could have the court reporter read the testimony and proceeding or transcribe it for use of the court at a hearing on any motion. This same thing is true under the new Rules of Civil Procedure where: "A transcript of the proceedings had and testimony taken at a hearing or trial * * *" is substituted for and used in lieu of bills and certificates of exceptions under the provisions of Rule 80 (b) (c) and (d), R.C.P. It will be noted that by these provisions notice is required to be given to all parties upon the completion and filing of the transcript and provision is made for correcting and settling the transcript in much the same manner as the settling of bills and certificates of exceptions without the necessity of having it done within the sixty day period required of bills and certificates of exceptions. Rule 80 (e) provides for use of a statement in lieu of a transcript and the requirements are quite similar to those in obtaining a bill or certificate of exceptions. If the transcript is to be used by the trial court only and not used for appellate purposes no notice is required to be given to any parties. It is only necessary to file it with the court. See the last sentence of Rule 80 (a) and Rule 80 (g), R.C.P.

It is also contended by the appellant, as heretofore stated, that the West Virginia Rules of Civil Procedure are applicable only to the procedure in trial courts of record and that they have no application to appellate courts. This same implication was made in connection with the Federal Rules of Civil Procedure when they were first adopted in 1938 by virtue of the title "Rules of Civil Procedure for the District Courts of the United States", which is comparable to the titles of the West Virginia Rules "West Virginia Rules of Civil Procedure for Trial Courts of Record", but it was soon found that

the subject of appeals was dealt with in the Federal Rules in considerable detail. See "Federal Appellate Practice as Affected by the New Rules of Civil Procedure", 24 Minn. Law Review 1. It should be noted that Rule 1 of the West Virginia Rules of Civil Procedure, after stating that the rules govern the procedure in all trial courts of record, also contains the following statement: "* * * with the qualifications and exceptions stated in Rule 81."

It is asserted by the appellant that if Rule 80 (f) is not applicable on appeal of a case from the Common Pleas Court to the Circuit Court, then all the Rules of Civil Procedure were not applicable in the trial of a case in the Common Pleas Court and that inasmuch as the Rules of Civil Procedure were used in the entire trial of the case it was improperly and erroneously tried in said court. This contention is without merit. The Rules are applicable to any case tried by any court of record acting as a trial court. It is only on appeal to the Circuit Court acting as an intermediate appellate court that the Rules do not apply by virtue of the plain language of Rule 81 (a) (1). This is illustrated by a probate case appealed from the county court to the circuit court. In such a case the circuit court does not act as an appellate court but as a trial court and bills or certificates of exceptions are not required. Code, 41-5-7; *Coffman* v. *Hedrick*, 32 W. Va. 119, 9 S. E. 65; *Montgomery* v. *Montgomery*, 147 W. Va. 449, 128 S. E. 2d 480. It is also illustrated in a case appealed from an inferior court of record to the circuit court where after the circuit court has functioned as an appellate court and reversed the case, the circuit court, instead of remanding the case to the lower court, retains it for a new trial and acts as a trial court with the Rules of Civil Procedure applicable thereto. Such case is proceeded in the same manner and with the same effect as if it had originally been instituted in the circuit court, and bills or certificates of exceptions are not required on appeal to this Court. Rule 80 (f), R.C.P., Code, 58-4-18.

In support of the contention by the appellant that bills or certificates of exceptions are not part of the appellate

procedure a quotation from 8 M.J., Exceptions, Bill of, §3, is contained in its brief. Only part of the sentence pertaining to this matter is quoted in the brief to the effect that the sole purpose of bills of exceptions is to bring the matters complained of before the trial judge, so that he may have the opportunity to grant relief if he thinks proper. The remainder of the sentence after a comma reads as follows: " * * * *before counsel for defendant in error, so that he may be advised of the* precise points to be met in argument, *and before the appellate court,* so that it may readily perceive the points to be decided and the portions of the record on which they depend." [emphasis supplied] The complete statement clearly shows that the purpose of settling bills or certificates of exceptions is to give notice to the other parties or defendants in error and for use by the appellate court in deciding the case on appeal.

Counsel for the appellant cite two recent decisions of this Court in their brief in which it was held that bills and certificates of exceptions were not required on appeal. The cases are: *Montgomery* v. *Montgomery,* 147 W. Va. 449, 128 S. E. 2d 480 and *Lester* v. *Rose,* 147 W. Va. 575, 130 S. E. 2d 80. These cases were tried after the West Virginia Rules of Civil Procedure were effective and are just the reverse of the case at bar with regard to the matter in question, because bills or certificates of exceptions were obtained in each case for appeal, but were not timely obtained within the shorter time required to get a bill of exception as compared with the longer time allowed for a transcript under Rule 80(c), R.C.P. No bill or certificate of exceptions was obtained in the instant case. In the *Montgomery* and *Rose* cases, it was held that bills or certificates of exceptions were not necessary in these cases under the new Rules of Civil Procedure in this State effective at the time of trial in each case, by virtue of Rule 80(f), R.C.P., but inasmuch as the bills or certificates of exceptions had been settled by the trial court and properly certified by the court as well as the official reporter, prompt notice to the parties of the filing of the transcript as required by Rule 80(c), R.C.P., had been satisfied. The

*Montgomery* case, as heretofore stated, was an appeal of a probate case from a county court to a circuit court under the provisions of Code, 41-5-7, and this statute provides that such a "case shall be proceeded in, tried and determined in such court, regardless of the proceedings before the county court, and in the same manner and in all respects as if the application for such probate had been originally made to the circuit court." The circuit court therefore acted as a trial court in such case and the West Virginia Rules of Civil Procedure were applicable to the trial of the case. Rule 1, R.C.P. The *Rose* case was originally instituted in the Circuit Court of Mercer County, and although the parties indicated that it was being tried under the old procedure it was actually tried after July 1, 1960, the effective date of the new Rules, and the trial court did not indicate that said Rules were not feasible in the trial of the case; and, therefore, under the provisions of Rule 86, R.C.P., the new Rules governed all of the proceedings. Bills or certificates of exceptions therefore were not necessary. Rule 80 (f), R.C.P. However, the settling of the bill or certificate of exceptions with proper certification thereon did meet the requirement of Rule 80 (c) with regard to notice to the parties of the filing thereof.

When required to be used for appellate purposes, a bill of exception or certificate in lieu thereof is necessary to give an appellate court jurisdiction to consider the matters which must be made a part of the record by proper bill of exceptions or certificate in lieu thereof. *Davis* v. *Phillips,* 140 W. Va. 280, 83 S. E. 2d 699.

In any case in which a bill of exception or certificate in lieu thereof is necessary, the failure to obtain such bill or certificate of exception is jurisdictional and may be raised by the parties or the court on its own motion. *Grottendick* v. *Webber,* 134 W. Va. 798, 61 S. E. 2d 854; *Montgomery* v. *Montgomery,* 147, W. Va. 449, 128 S. E. 2d 480; *Lester* v. *Rose,* 147 W. Va. 575, 130 S. E. 2d 80.

Inasmuch as no bill or certificate of exceptions was obtained in this case in connection with the appeal from the

Common Pleas Court of Kanawha County to the Circuit Court of Kanawha County, the appeal was not properly before the Circuit Court of Kanawha County acting as an intermediate appellate court, and it did not have jurisdiction to consider the appeal.

For the reasons enunciated herein, the Circuit Court of Kanawha County, regardless of the reason given, properly ruled that it did not have jurisdiction to grant a writ of error or appeal in this case. The ruling of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*

CALHOUN, JUDGE, dissenting:

Very respectfully I dissent from that part of the majority opinion which is summarized in the second point of the syllabus. In order that the majority opinion may be appraised in proper perspective, a brief review of the appellate history of the case may be helpful.

When the case came to the circuit court as an intermediate appellate court, the distinguished judge of that court, on his own motion, took the view that counsel for the appellant had not given prompt formal notice of the filing of the transcript as required by R.C.P. 80 (c); held that the giving of that notice was jurisdictional; and for that reason denied the appeal. Implicit in the circuit court's judgment, of course, was a recognition that the Rules of Civil Procedure were applicable to the situation, even though the appeal was to the circuit court from a trial court of record of limited jurisdiction. From that judgment of the circuit court, this Court granted an appeal.

When the case reached this Court, counsel for the appellee, the plaintiff below, asserted for the first time that a bill of exception, or a certificate in lieu thereof, was a jurisdictional prerequisite to the appeal to the circuit court. In support of that proposition reliance was placed on R.C.P 81 (a) (1), the language of which is as follows: "These rules do not apply to any case which comes before a circuit court upon appeal from or to review the judgment, order, or ruling of any court of record or adminis-

trative agency. These rules do not apply to any case on appeal from a justice of the peace court except by order of the court in the proceeding and only to the extent provided by the order."

The first majority opinion apparently held that this Court lacked jurisdiction to entertain the appeal for the reason assigned by the circuit court and also because of an absence of any bill of exception or certificate in lieu thereof. The Court in the first majority opinion, on its own motion, also referred to numerous additional matters which were regarded as irregularities in the procedure. It was difficult for me to determine from the opinion which of the many asserted irregularities were regarded by the Court as jurisdictional in nature. In these circumstances, I filed a dissenting opinion in which I took the position that none of the irregularities was jurisdictional or prejudicial in character and that the case should be remanded to the circuit court with directions to act upon the petition for appeal.

The appellant filed a petition for rehearing. In their brief submitted in support of the petition for rehearing, counsel stated: "The majority opinion has evoked interest in the West Virginia State Bar's Committee on Rules, a number of the members of which express surprise and great interest in this decision. A number of other lawyers have expressed concern with the opinion so that it is believed likely if this Court will grant a rehearing, interested and official groups such as the bar committee will desire to be heard."

A rehearing was granted. In their brief submitted on the rehearing, counsel for the appellee took no note of the many procedural questions which had been raised by this Court, on its own motion, in the first opinion, but relied upon two propositions only: (1) That the Rules of Civil Procedure are manifestly inapplicable to an appeal from a trial court of record of limited jurisdiction to a circuit court and hence a bill of exception, or a certificate in lieu thereof, is required in such case; and (2) that the appellant was guilty of a jurisdictional dereliction in failing

to give "effective notice" of the filing of the transcript, pursuant to R.C.P. 80 (c).

By reliance upon the salutary legal proposition stated in the first point of the syllabus, the second majority opinion summarily disposes of all the supposed irregularities so assiduously raised previously by the Court on its own motion. It is regrettable that the same legal principle was not applied in the first majority opinion.

The second majority opinion summarily disposes of the alleged failure of the appellant to give effective notice, pursuant to R.C.P. 80 (c), by stating: "It will only be necessary for the disposition of this case to consider the first matter argued and briefed." To that extent, at least, the second majority opinion avoids the illogical holding of the first opinion that the Rules of Civil Procedure are applicable in part and inapplicable in part to the present situation. Nevertheless, it is difficult for me to determine from the present majority opinion which rules are regarded as applicable and which are regarded as inapplicable in this case.

R.C.P. 80 (f) provides: "Bills and certificates of exception are abolished." It is impossible to conceive how a proposition could be stated with greater clarity. This Court has held in innumerable cases that when language of a statute, constitutional provision or other written instrument is clear, courts are not at liberty to undertake to construe or interpret it but rather the courts must apply it inexorably and faithfully in accordance with the intent clearly expressed. I assume that the same legal principle must be applied by the courts in relation to the Rules of Civil Procedure. The majority opinion, nevertheless, mercilessly disregards and refuses to apply that legal proposition to the clear language of R.C.P. 80 (f). That opinion reads into the clear language of the rule a qualification or an exception which is absent from the language used but which, in effect, is as follows: Provided, however, that bills and certificates of exception shall be required in all cases which are appealed from a trial court of record of limited jurisdiction to a circuit court sitting as an intermediate appellate court.

When we bear in mind all the painstaking study and careful scrutiny applied to the formulation and promulgation of the Rules by so many practicing attorneys, law school professors and judges, including members of this Court, there is presented a situation which reflects unfavorably upon the legal profession of this state if we assume that the qualification or exception pronounced by the majority was omitted either through oversight or because of lack of capacity for lucidity of expression. The majority opinion fails to point out any logical or reasonable basis for a rule which would require bills or certificates of exception in cases such as this and not in cases involving appeals from circuit courts to this Court.

R.C.P. 80 (f) is not the only provision of the Rules which has been hurdled by the majority opinion. R.C.P. 80 (a) and (b) provide in clear language that when "the proceedings had and testimony taken" at the trial are stenographically reported by the court reporter, a duly certified transcript thereof "becomes a part of the record" when it is filed with the court during the pendency of the civil action or at any time afterward; that such a transcript shall be certified by the court reporter to be an accurate transcript "of the proceedings had and testimony taken" and shall state "whether the transcript includes all or a part only of the proceedings had and testimony taken" at the hearing or trial; and that "no other or further authentication is necessary." These clear provisions are found in the same Rule which so clearly abolishes bills and certificates of exception. Obviously, they are designed to provide a method for making a part of the record "proceedings had and testimony taken" without the necessity of bills or certificates of exception.

Even before the Rules were made effective, bills or certificates of exception were not required in relation to matters already a part of the record. Code, 1931, 56-6-35. "The purpose of a bill of exceptions is to exhibit the supposed mistakes of the trial court which do not appear upon the record, and which cannot otherwise be brought before an appellate court for review and correction if erroneous." *Penix* v. *Grafton,* 86 W. Va. 278, pt. 1 syl., 103

S. E. 106; *Rollins* v. *Daraban,* 145 W. Va. 178, pt. 1 syl., 113 S. E. 2d 369. The "record" embraces many things without the aid of bills or certificates of exception. *Rollins* v. *Daraban,* 145 W. Va. 178, 182, 113 S. E. 2d 369, 372; Burks Pleading and Practice (4th Ed.), Section 301, page 539. The writ or process was made a part of the record by statute. Code, 1931, 56-3-32, as amended. In a similar way instructions given and refused were made a part of the record. Code, 1931, 56-6-20.

"In short, a bill of exceptions is only necessary when it is desired to preserve evidence, orders, rulings, and actions of the court, and occurrences happening during the trial, which would otherwise not be parts of the record, * * *." *Hinton Milling Co.* v. *New River Milling Co.,* 78 W. Va. 314, 320, 88 S. E. 1079, 1082. Hence, there can be no conceivable basis for holding that bills or certificates of exception are necessary in a case such as this unless we ignore and regard as meaningless the portion of R.C.P. 80 (a) which so clearly states that "a duly certified transcript thereof *becomes a part of the record of the action* when it is filed with the court * * *." (Italics supplied.) That clear provision also is hurdled by the majority opinion.

The official court reporter has duly certified "that the foregoing is a true and correct transcript of all the proceedings had and testimony taken," in the trial. The transcript certified by her includes the pleadings, motions, orders, testimony, and instructions given and refused. I have not been advised that anybody contends that the court reporter improperly failed to include anything. And yet, in the face of the clear provisions of the Rules quoted above, the Court holds that it lacks jurisdiction to entertain the appeal because it has before it no record of the trial of this case in the Common Pleas Court of Kanawha County.

R.C.P. 1 provides: "*These rules* govern the procedure in all trial courts of record in all actions, suits, or other judicial proceedings of a civil nature whether cognizable as cases at law or in equity, with the qualifications and

exceptions stated in Rule 81" (Italics supplied.) The qualifications and exceptions upon which the majority opinion is predicated are stated in R.C.P. 81 (a) (1) as follows: "*These rules* do not apply to any case which comes before a circuit court upon appeal from or to review the judgment, order, or ruling of any court of record or administrative agency." (Italics supplied.)

At the outset, it will be noted that both R.C.P. 1 and R.C.P. 81 (a) (1) commence with the same use of the plural: "These rules." It is obvious, therefore, that the two provisions are undertaking to define situations in which *none* of the Rules applies. There is no way the Rules can be read to state or mean that the language quoted from R.C.P. 81 (a) (1) defines situations in which the Rules may be regarded as applicable in part and inapplicable in part. The use in the two rules of the words "These rules" necessarily implies a reference to the whole body of Rules in their entirety. Therefore, if the majority opinion is correct in the holding that bills or certificates of exception are required in all cases of appeal from trial courts of limited jurisdiction to circuit courts, then there can be no escape from the proposition that *none* of the Rules can be applied to such a case. The result of the majority opinion seems to be that the Rules must be applied in a case commenced and tried in the common pleas court in all civil cases, except that, if ultimately the losing litigant applies to the circuit court for an appeal, then and in that situation the Rules, or at least some of them, retroactively become inapplicable. In such a situation, what about such matters as rule day proceedings, maturing of cases for trial, process and common law forms of action which were essential before the Rules became effective? Are the plaintiff's verdict and judgment erroneous or void because of an absence of such procedural steps?

I believe the majority may have fallen into the error of regarding the matter of "making the record," making matters a part of the record, objections and exceptions, or the matter of authenticating the record for purposes of appeal, as something other than "procedure in all trial

courts of record." All such matters, including the execution of bills of exception or certificates in lieu thereof, have always been and, where applicable, still are a part of the "procedure" in the trial court, from which appellate proceedings are prosecuted.

R.C.P. 81(a) (1) provides that the Rules do not apply to any case *"which comes before* a circuit court *upon appeal from* or to review the judgment, order, or ruling of any court of record or administrative agency." (Italics supplied.) The making or authentication of the record in such a case is not a function which has "come *before* a circuit court" on appeal. (Italics supplied.) Such matters are no part of the function of the appellate court in its efforts to "review" the judgment, order or ruling of the court of limited jurisdiction.

R.C.P. 81(a) (1) is redundant and almost certainly is used as a precautionary measure to insure that all would understand that these Rules do not apply to the procedure in a circuit court sitting as an intermediate appellate court.

R.C.P. 1 states: "They [the Rules] shall be construed to secure the just, speedy, and inexpensive determination of every action." Bearing in mind the admonition addressed to us in the language quoted immediately above; and bearing in mind also the spirit, purpose and intent of rules of this nature throughout the land, it is shocking to me that the majority opinion bypasses the clear, unmistakable language of R.C.P. 80(f) which so clearly abolishes bills and certificates of exception and the language of R.C.P. 80(a) and (b) which so clearly provides a method whereby all "proceedings had and testimony taken" at the trial may be made "a part of the record;" and bases its devastating holding upon an unnatural, unreasonable, tenuous construction of R.C.P. 81(a) (1) which provides that the Rules do not apply to any case which comes "before" a circuit court on appeal "from * * * the judgment * * * of any court of record."

The reason for not applying the Rules to the mere appellate proceedings in the circuit court is obvious. A rule

of construction which requires bills or certificates of exception in cases such as this, and not in any case appealed from a circuit court to this Court, is utterly devoid of any basis in logic, common sense or justice.

It may be that the Rules should be applied fully to a case tried *de novo* on its merits by a circuit court on appeal from a trial court of limited jurisdiction pursuant to Code, 1931, 58-4-18, or to a case tried by a circuit court *de novo* on its merits on appeal from a county court pursuant to Code, 1931, 41-5-7. Here we are not dealing with a case tried by the circuit court *de novo* and on its merits. The circuit court in this case was not called upon to act in its capacity as a trial court, but rather in its capacity as an intermediate appellate court. Lugar and Silverstein, West Virginia Rules, page 511, states in relation to the Rules: "They do not affect in any manner the *procedure* for securing review in an appellate court of decisions in a trial court of record, whether or not the appellate court may also be a trial court of record. They do not affect the procedure on such review. Rule 81 (a) (1). * * *. Nevertheless, some of the Rules will affect *what an appellate court may properly consider on review,* for example, Rule 46 makes formal exceptions unnecessary, Rule 51 modifies former principles as to instructions, Rule 61 formulates a harmless error doctrine, and Rule 80 establishes a new procedure for making a transcript or statement of evidence a part of the record." (Italics supplied.)

The majority opinion states that certain designated Rules "deal with matters pertaining to appellate procedure." The opinion includes in this category Rule 46 dealing with objections and exceptions; Rule 51 dealing with objections to instructions; Rule 52 (a) which provides that findings of fact by a trial court shall not be set aside unless clearly erroneous; and Rule 60 (a) which provides for correction of clerical mistakes in an appellate court, with leave of that court. I assume that the majority would also include in that category provisions relating to harmless error and the provisions of Rule 80 (a) dealing with a method for making a part of the record all "the

proceedings had and testimony taken" at the trial. The majority opinion apparently holds that none of these provisions is applicable to the present case because they deal with "appellate procedure." As I have stated, I believe the grievous and glaring error of the majority opinion is the holding that such matters are a part of "the appellate procedure." On the contrary, none of such matters is a part of the "procedure" in the appellate court. For instance, provisions relating to harmless error, objections and exceptions and objections to instructions are just as binding upon the trial court as upon the appellate court.

The majority opinion makes the following statement: "The West Virginia Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, and by necessity such Rules are applicable to appellate procedure when cases are appealed from a trial court of record and the Rules provide for certain procedure to be used in an appellate court." A wholly inapposite article in 24 Minn. Law Review is cited for that proposition. The opinion erroneously assumes and states in the language quoted above that "the Rules provide for certain procedure to be used in an appellate court." The opinion seems to state that the Federal Rules deal with appellate procedure; that our Rules are "patterned after" the Federal Rules; and that, therefore, it necessarily follows that our Rules deal with appellate procedure. Federal Rules 73 to 76, inclusive, deal expressly with appellate procedure. We have no comparable rules in this state.

The Federal Rules contain no provision analogous to R.C.P. 80 (f) which abolishes bills and certificates of exception and no rule analogous to R.C.P. 81 (a) (1) upon which the majority opinion is based. Procedure for appeal to this Court is governed by statute and by the Rules of Practice in the Supreme Court of Appeals. Procedure for appeals from trial courts of record of limited jurisdiction to circuit courts is governed by the provisions of Article 4 of Chapter 58, Code, 1931, as amended.

The majority opinion states "that proper procedure for appeal in any event was not followed" in this case because

the court reporter did not file a carbon copy of the transcript in the office of the Clerk of the Common Pleas Court pursuant to Code, 1931, 51-7-4, as amended. That statute provides that such copy is "to be used, if necessary, in making up the record on appeal, * * * ." If the provisions of R.C.P. 80 (a) and (b) are to be applied according to their plain language, the statutory provision is probably superseded by the Rule. See Lugar and Silverstein, West Virginia Rules, page 565.

The majority opinion states that the record was not indexed by the clerk as required by Code, 1931, 58-4-6. I am unable to determine what is meant by that statement, because the printed record and the original record sent to the office of the Clerk of this Court appear to be properly indexed.

For reasons stated, I would hold that the Rules of Civil Procedure for Trial Courts of record have nothing whatsoever to do with the mere appellate procedure in a circuit court while sitting as an intermediate appellate court; that all of such Rules which were pertinent were applicable to the procedure in the common pleas court; that no bill of exception or certificate in lieu thereof is necessary or proper in this case; that the record was properly before the circuit court and is properly before this Court; that no procedural irregularities of a prejudicial or jurisdictional nature appear in the case; and, therefore, I would remand the case to the Circuit Court of Kanawha County with directions to act upon the petition for appeal.

I am authorized to say that Judge Browning joins in this dissent.