IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**November 8, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JEFFERY DARAGO, Executor of the
ESTATE OF OSCAR DARAGO
Plaintiff Below, Petitioner**

**vs.)    No. 22-ICA-269    (Cir. Ct. Monroe Cnty. No. CC-32-2021-AA-1)**

**RODNEY DARAGO and CATHY REESER,
Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Jeffery Darago appeals from the November 9, 2022, order of the Circuit Court of Monroe County, affirming a decision of the Monroe County Commission, sitting as a probate court. Respondent Rodney Darago filed a responsive brief.[1] Jeffery did not file a reply.[2] The county commission, as affirmed by the circuit court, ruled that the monetary proceeds from a settlement that encumbered real property specifically devised to Rodney should pass along with the burdened property to Rodney.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' written and oral arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.  For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal is a probate dispute relating to the administration of the estate of the parties' father, Oscar Darago. On April 10, 2008, Oscar executed the will at issue, which provided, in part: "I hereby give and bequeath all my Monroe County, West Virginia, real estate with all improvements thereon . . . to my son Rodney A. Darago." The will also

---

[1] For clarity and ease of reading, we will refer to the individuals in this matter by their first names. *See Proudfoot v. Proudfoot*, 214 W. Va. 841, 843 n.1, 591 S.E.2d 767, 769 n.1 (2003).

[2] Petitioner Jeffery Darago is represented by John H. Bryan, Esq. Respondent Rodney Darago is represented by Jeffry A. Pritt, Esq. Respondent Cathy Reeser did not participate in this appeal.

instructed that any residuary assets would be split equally among Jeffery, Rodney, and Cathy.[3]

In 2017, before his death, Oscar retained counsel to represent him in a federal condemnation proceeding brought by Mountain Valley Pipeline ("MVP"), who sought to construct a pipeline on Oscar's Monroe County real estate. While the details are absent from the record, it appears that Oscar's counsel soon began negotiating a settlement to convey MVP a right of way and easement for its project.

On November 24, 2018, Oscar died. Afterward, his will was accepted to probate before the county commission, unchallenged, where Jeffery was appointed as executor of the estate. In early 2019, Jeffery, in his capacity as executor of the estate, entered into a settlement agreement with MVP. Pursuant to that settlement, the estate conveyed a right of way and easement burdening the Monroe County real property in exchange for $53,484.18.[4] These proceeds were then deposited into an estate account, which Jeffery intended to divide equally between the parties according to the residuary provision of the will. Rodney objected to this distribution, and a fiduciary commissioner was appointed to propose a solution.

On November 2, 2020, the fiduciary commissioner recommended that the proceeds be distributed equally between the parties as residuary assets. The fiduciary commissioner reasoned that, had Oscar been alive at the time of the settlement, he would have deposited the proceeds into his account, so the proceeds should pass equally as residual personal property, not as real estate. Rodney objected to the fiduciary commissioner's recommendation, arguing that the real property became his upon Oscar's death—before the settlement was finalized. Therefore, any proceeds should pass solely to him, as he was the sole recipient of the now burdened property.

On December 2, 2020, the county commission held a hearing regarding Rodney's objection to the recommendation. That same day, the county commission issued an order adopting Rodney's objection and instructing Jeffery to direct the full $53,485.18 to Rodney. Jeffery, as executor of the estate, appealed the county commission's decision to the Circuit Court of Monroe County.

On November 9, 2022, the circuit court entered an order affirming the county commission. While noting the lack of a developed record, the circuit court reasoned that the case turned on the timing of the settlement. The circuit court concluded that the property had passed to Rodney upon Oscar's death, and that he was entitled to the proceeds of the

---

[3] The other provisions of the will are not at issue in this appeal.

[4] The parties failed to include this document in the record, but its contents are not disputed.

settlement, finding that the only evidence in the record indicated that the settlement was completed after Oscar's death. It is from this order that Jeffery now appeals.

The Supreme Court of Appeals has set forth our standard of review:

> When reviewing the final disposition of a circuit court acting as an intermediate appellate court from the County Commission, "[We] review[] the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed de novo."

*Casdorph-McNeil v. Casdorph*, No. 18-0497, 2019 WL 4257186, at *4 (W. Va. Sept. 9, 2019) (memorandum decision) (quoting Syl. Pt. 1, *Haines v. Kimble*, 221 W. Va. 266, 654 S.E.2d 588 (2007)); *see also* Syl. Pt. 1, *Dye v. Cnty. Comm'n*, 245 W. Va. 650, 865 S.E.2d 52, 53 (2021) (quoting Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996)).

On appeal, Jeffery asserts four assignments of error which present overlapping issues; accordingly, we may consolidate them into two arguments.[5] Jeffery argues two grounds for error: (1) the circuit court disregarded the clear and express intent of the testator's will by finding the timing of the MVP settlement determinative on the issue of distributing the settlement proceeds; and (2) the circuit court erred by failing to remand the matter back to the county commission to further develop the record.

Our discussion of testamentary intent and the operation of wills is guided by the following principles: "The cardinal rule in the construction of wills is that the testator's intention controls, unless it is contrary to some positive rule of law or principle of public policy." *Emmert v. Old Nat. Bank*, 162 W. Va. 48, 54, 246 S.E.2d 236, 241 (1978). "A will shall be construed . . . [to] take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will." W. Va. Code § 41-3-1 (1923).

Regarding the first argument, Jeffery contends that the circuit court has frustrated the clear intent of the testator's will. He asserts that because the property at issue is cash, it must fall into the equally distributed residuary estate. We find this argument unpersuasive.

---

[5] *See Bowden v. Monroe Cnty. Comm'n*, 232 W. Va. 47, 51, 750 S.E.2d 263, 267 (2013) (per curiam) (consolidating redundant assignments of error).

Jeffery's fixation on terms governing the division of liquid assets overlooks the will's specific devise of real property to Rodney.[6] As the circuit court noted, nothing in the record indicates that Oscar had completed the settlement during his life, and there is no contention that the devise had otherwise adeemed. Pursuant to the will, upon Oscar's death, the real property at issue was conveyed solely to Rodney. *See* W. Va. Code § 41-3-1. Accordingly, all proceeds from the settlement encumbering that property are his.

Jeffery's second argument takes issue with the circuit court's willingness to decide this issue despite recognizing the sparse record before it, asserting the record was insufficient, requiring remand. Upon a review of the arguments below, we find that Jeffery failed to raise the sufficiency of the record before the circuit court.[7] "This Court will not consider questions, nonjurisdictional in their nature, not acted upon by the circuit court as an intermediate appellate court." Syl. Pt. 2, *Haines v. Kimble*, 221 W. Va. 266, 654 S.E.2d 588, 590 (2007) (quoting Syl. Pt. 1, *Pettry v. Chesapeake & Ohio Ry. Co.,* 148 W. Va. 443, 135 S.E.2d 729 (1964)). We conclude this argument has been waived.

However, even if not waived, we find the dispositive facts to be undisputed.[8] Specifically, neither party contests two key facts: (1) that Oscar died on November 24,

---

[6] The West Virginia Supreme Court of Appeals addressed a specific devise of property that generated income during estate administration as follows:

> A specific legacy is a gift by will of property which is particularly designated and which is to be satisfied only by the receipt of the particular property described. Income received during administration on property specifically devised shall become property of the specific devisee . . . . It was held at common law that if the particular property described in a specific bequest is disposed of by the testator during his life, or cannot be located, the bequest must fail or adeem.

*Watson v. Santalucia*, 189 W. Va. 32, 35 n.1, 427 S.E.2d 466, 469 n.1 (1993) (quoting *In re Est. of Parker*, 110 So. 2d 498, 500 (Fla. Dist. Ct. App. 1959)).

[7] *See* W. Va. Code § 44-2-19 (1982) (requiring a circuit court, sitting as an appellate court, to review the county commission's ruling on a fiduciary commissioner report "on the record made before the fiduciary commissioner and on [the] order of the county commission").

[8] "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record . . . ." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965).

4

2018; and (2) on March 4, 2019, Jeffery, in his capacity as executor, approved a settlement with MVP, encumbering the Monroe County real property. Therefore, as above, when Oscar died, the property became Rodney's; consequently, any proceeds of the subsequent settlement encumbering that property are his. *See* W. Va. Code § 41-3-1.

We affirm the November 9, 2022, order of the Circuit Court of Monroe County.

Affirmed.

**ISSUED:** November 8, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen