## CHARLESTON.

### McCoy *v.* McCoy.

Submitted February 24, 1914.   Decided April 7, 1914.

1.  EQUITY—*Answer—Effect of Failure to Reply.*
    In the absence of a replication, the answer of a defendant in an equity suit is taken as true for the purposes of the case, if the defendant has not taken depositions as if one had been filed and thus submitted the case upon its merits.  (p. 64).

2.  STIPULATIONS—*Admissions and Agreements in Open Court.*
    Admissions and agreements made in open court by the parties to the cause and acted upon by the court are binding and a decree founded therein will not be reversed.  (p. 65).

3.  DIVORCE—*Grounds—Desertion.*
    A husband's assent to his wife's separation from him exonerates her from the charge of desertion and bars his suit for divorce, founded upon such charge.  (p. 65).

Appeal from Circuit Court, Monongalia County.

Bill by Marshall W. McCoy against Amanda McCoy. Decree for defendant, and plaintiff appeals.

*Affirmed.*

*Van A. Barrickman* and *Chas. E. Hogg,* for appellant.

*W. S. John* and *E. M. Everly,* for appellee.

POFFENBARGER, JUDGE:

The trial court's refusal, in this cause, of a decree of divorce a vinculo matrimonii, on the ground of desertion for a period of more than three years, is fully sustained by the record.

No replication to the defendant's answer, unqualifiedly denying desertion or abandonment on her part and averring expulsion from her home by the plaintiff, as well as his subsequent consent to her living separate and apart from him and his offer to maintain her elsewhere, was filed, wherefore the answer is taken as true for the purposes of the case and bars the relief prayed for in the bill, notwithstanding the evidence adduced by the plaintiff to sustain its allegations, since the defendant took no depositions. *Sansom* v. *Blankenship,* 53 W. Va. 411; *Bierne* v. *Ray,* 37 W. Va. 571; *Snyder* v.

*Martin,* 17 W. Va. 276; *Findlay* v. *Smith,* 6 Munf. 142; *Cocke* v. *Minor,* 25 Gratt. 246. Nothing in our own jurisdiction, conflicting with this rule, is cited or has been discovered.

As shown by a nunc pro tunc order, there was produced and read to the court on the hearing a certified copy of a recorded written agreement of separation between the parties, which was made a part of the record and brought up to this court. The order shows no objection to the introduction of the copy of the agreement. On the contrary, it says the fact was admitted and agreed to in the presence of the court and it fully sustains the averment of a voluntary separation. Such admissions and agreements made in court and acted upon by the court are binding. Hoggs Eq. Proc., sec. 847; *Savage* v. *Blanchard,* 19 N. E. 396; *Lewis* v. *Wilson,* 151 U. S. 551; 30 Cyc. 1280; Jones on Ev., 2 Ed., sec. 257. An agreed separation bars right to divorce. *Bacon* v. *Bacon,* 68 W. Va. 747; *Hall* v. *Hall,* 69 W. Va. 175.

The decree complained of is not erroneous and it will be affirmed.

*Affirmed.*