CLYDE B. MONTGOMERY

*v.*

CORA MONTGOMERY

(No. 12166)

Submitted September 18, 1962.    Decided December 4, 1962.

450

*Bonn Brown,* for appellant.

*Kelcel M. Ross, Myron B. Hymes, Hymes & Coonts,* for appellee.

BERRY, JUDGE:

This is an appeal from the Circuit Court of Upshur County, West Virginia, in a case involving the testamentary capacity of Charles J. Montgomery in connection with a will made by him on October 14, 1957, at Buckhannon, West Virginia. Charles J. Montgomery died on August 21, 1958, and the will was probated in solemn form in the County Court of Upshur County on December 3, 1959. The defendant herein, Cora Montgomery, widow of Charles J. Montgomery, appealed the case to the Circuit Court of Upshur County on March 14, 1960. The case was tried de novo in the Circuit Court of Upshur County as if such proceeding had been originally instituted in the circuit court in accordance with the provisions of Code, 41-5-7. The first trial was held in May, 1960, and resulted in a hung jury. The case was tried again in the Circuit Court in May, 1961, and the jury returned a verdict in favor of the contestant, the defendant herein, and the court overruled the motion of the proponent, the plaintiff herein, to set aside the verdict

and entered judgment on the verdict on June 13, 1961. Upon petition to this Court by the plaintiff herein, an appeal and supersedeas was granted on March 19, 1962, to the judgment of the Circuit Court of Upshur County.

The sole question involved in this case is whether or not Charles J. Montgomery had the mental capacity to make a valid will on October 14, 1957, the trial court, by proper instruction to the jury, having eliminated the question of undue influence due to insufficient evidence pertaining thereto. There is a conflict of evidence on the question of the mental capacity of the testator, Charles J. Montgomery, at the time the will was made and the jury having returned a verdict that the said Charles J. Montgomery did not have the mental capacity to make a valid will, the disposition of this case turns on whether or not there was sufficient evidence submitted to the jury to support such a finding. However, a preliminary question has been raised by the defendant, appellee in this Court, by cross assignment of error with regard to the bills of exception obtained by the plaintiff, or the appellant in this Court, by which the record was presented on this appeal. This case was appealed to the Circuit Court of Upshur County from the County Court of Upshur County and the first trial was held before the new rules of civil procedure became effective in this state on July 1, 1960. Although the second trial was held after the new rules became effective the appellant has used bills of exception and orders filing said bills of exception for the record in this case as required by the old procedure. The defendant or appellee contends that the time for obtaining the bills of exception was not properly extended by order of the trial court and that bills of exception were obtained after the time required by statute. The statute, Code, 56-6-35, pertaining to bills of exception, provides that bills of exception be tendered to the trial court and filed by it within sixty days after the adjournment of the term in which the judgment is entered or within sixty days after the judgment is entered if it is entered in vacation. The record in this case shows that the judgment was entered on June 13, 1961, and that the term of court ended on that date. The order entered on June 13, 1961, shows that the plaintiff-

appellant herein moved the court for a stay and suspension of execution of the judgment for a period of 90 days for the purpose of obtaining a bill of exceptions to appeal to the Supreme Court of Appeals of West Virginia.

It has been repeatedly held by this Court in cases where it is necessary to obtain a bill of exception in an appeal to this Court that a stay or suspension of the execution of a judgment does not extend the time in which to obtain a bill of exception. *State, by The State Road Commission, etc.* v. *Consumers' Oil and Gas Co.,* 130 W. Va. 755, 45 S. E. 2d 923; *State* v. *Leadmon,* 131 W. Va. 378, 48 S. E. 2d 663; *State* v. *Varner,* 131 W. Va. 459, 48 S. E. 2d 171; *Grottendick* v. *Webber,* 134 W. Va. 798, 61 S. E. 2d 854.

Extensions to obtain a bill of exception may be initially granted by the trial court for a period of 90 days from the time the judgment was entered which, in effect, extends the time for obtaining said bill of exception for a period of 30 days. 4A C.J.S., Appeal and Error, Section 862; *State* v. *Wooldridge,* 129 W. Va. 448, 40 S. E. 2d 899; *In re Baxter Estate,* 94 Mont. 257, 22 P. 2d 182; *State* v. *Bradshaw Land & Livestock Co.,* 99 Mont. 95, 43 P. 2d 674. However, it is clear in this case that the initial order only provided for a stay or suspension of the execution of the judgment for a period of 90 days and did not provide for an extension of the time in which to obtain a bill of exception. In such cases where bills of exception are necessary it has been held that the failure to properly obtain a bill of exception within the allowed time or an extension thereof is jurisdictional and may be raised by this Court on its own motion. *Grottendick* v. *Webber, supra.* The record in this case indicates that an order was obtained on August 23, 1961, granting a 30 day extension of time to file the transcript and bills of exception. This order shows that a proper motion was made and granted to extend the time to obtain the bills of exception but the order extending such time was entered 11 days after the period had elapsed from the date of the adjournment of the term and the entry of the judgment required by the statute in order to obtain a bill of exception. This case was tried in the circuit court in the same manner

and in all respects as if it had been originally initiated in said court, Code, 41-5-7, and if the appeal from the circuit court to this Court had been taken under the provisions of Rule 80 of the new rules for civil procedure it would only be necessary to have the official court reporter sign the transcript of the proceedings and file it with the petition for an appeal in this Court within the 8 months period provided for in such cases. Code, 41-5-7. The West Virginia Rules of Civil Procedure, Rule 80 (f), which became effective in this state on July 1, 1960, abolished bills and certificates of exception in all cases governed by the rules, with the qualifications and exceptions contained in Rules 81 and 86.

Although this proceeding was appealed and filed in the circuit court before the new rules of civil procedure were effective and they were not resorted to in any manner by the appellant in connection with this appeal, and although bills of exception under the old appellate procedure were used and relied upon for the transcript of the record, we are of the opinion that bills of exception would not be required under the new rules of civil procedure for such cases as the one at bar. Notwithstanding the fact that orders were requested by the appellant and entered by the court filing the bills of exception, the record does not indicate that the trial court was of the opinion that the new rules should not be applied in this instance as required by R.C.P. 86. In light of the provisions of said rule, we will therefore consider the merits of the case.

The appellant, in his brief, complains that improper evidence was admitted by the trial court during the trial. The errors assigned are general, the only specific errors assigned being those dealing with the alleged improper evidence admitted during the trial pertaining to a deed and bill of sale made for the same property, and these specific errors were assigned in the motion to set aside the verdict before the trial court. Even under the new rules, R.C.P. 59, where no bills of exception are used, errors relied on for reversal must be specifically set out either in the motion to set aside the verdict in the trial court or in the assignments of error

in this Court before such matter will be considered on appeal. *State* v. *Bragg,* 140 W. Va. 585, 87 S. E. 2d 689. Then, too, the record in the case at bar indicates that the attorney for the appellant stipulated that the deed and bill of sale could be considered by the jury and therefore any objection thereto was waived and will not be considered by this Court on appeal. 17 M. J., Stipulations, Section 1; *McCoy* v. *McCoy,* 74 W. Va. 64, 81 S. E. 562; Ann. Cas. 1916C 367. The other grounds assigned in the motion to set aside the verdict before the trial court are that the verdict was contrary to the law and the evidence and the court erred in refusing to give instruction No. 1 offered by the plaintiff, which was a peremptory instruction for a directed verdict in favor of the plaintiff, and the giving by the trial court of instructions Nos. 3, 4, 5, 6, 7 and 11 offered by the defendant. The giving by the trial court of instructions Nos. 8 and 10 offered by the defendant is also assigned as error in the petition for a writ of error. The record indicates that these instructions were refused by the trial court.

If the evidence with regard to the lack of mental capacity of Charles J. Montgomery at the time the will was made on October 14, 1957, offered by the defendant Cora Montgomery, which is in conflict with the evidence offered by the plaintiff Clyde Montgomery, brother of Charles J. Montgomery, is sufficient to sustain the defendant's position, the determination of the question in the case at bar was one for the jury only and a directed verdict for either party would not have been proper, and if such evidence is sufficient, the defendant's instructions Nos. 3, 4, 5, 6, 7 and 11 were proper instructions considering the evidence of the defendant upon which they were based. Therefore, as heretofore stated, the sole question to be considered in the disposition of this case on its merits is whether the evidence introduced on behalf of the defendant, Cora Montgomery, widow of Charles J. Montgomery, was sufficient to submit to the jury the question dealing with the mental capacity of Charles J. Montgomery at the time the will was made. Charles J. Montgomery was 78 years of age at the time the will in question was made. He had been addicted to the use of alcoholic liquor for a long period of time and was a con-

firmed alcoholic to such an extent that it had been necessary for him to be placed in a hospital under the treatment of a doctor, or doctors, for such disease. The medical testimony given was to the effect that during the time Charles J. Montgomery was in the hospital he was mentally incapable of knowing his property and making a will for the disposition thereof. However, the doctor stated that when he was released from the hospital, in August, 1957, he was rational and competent to do business at that time. However, the doctor further stated that if he again returned to the use of alcohol he would become incapable and would not have the mental capacity to transact business or to make a will. There is ample evidence to indicate that he had returned to the use of alcoholic beverages in great quantities and became incompetent and did not know what he was doing. It is true that the mental capacity of Charles J. Montgomery at the time of the execution of the will is the controlling factor in this case, as well as any other case dealing with the testamentary capacity to make or execute a valid will. *Kerr* v. *Lunsford,* 31 W. Va. 659, 8 S. E. 493; 2 LRA 668; *Stewart* v. *Lyons,* 54 W. Va. 665, 47 S. E. 442; *Pickens* v. *Wisman,* 106 W. Va. 183, 145 S. E. 177; *Prichard* v. *Prichard,* 135 W. Va. 767, 65 S. E. 2d 65; *Ritz* v. *Kingdon,* 139 W. Va. 189, 79 S. E. 2d 123.

However, upon the trial of a case to impeach a will, the burden of proving capacity of the testator at the time of execution of the will is upon the proponent of a will. *Mc-Mechen* v. *McMechen,* 17 W. Va. 683, 41 Am. Rep. 682; *Kerr* v. *Lunsford,* 31 W. Va. 659, 8 S. E. 493, 2 LRA 668; *Payne* v. *Payne,* 97 W. Va. 627, 125 S. E. 818; *Powell* v. *Sayres,* 134 W. Va. 653, 60 S. E. 2d 740; *Ritz* v. *Kingdon,* 139 W. Va. 189, 79 S. E. 2d 123.

Clyde Montgomery, the brother of Charles J. Montgomery, as the plaintiff and proponent of the will, introduced the will in evidence, and witnesses testified on his behalf that they had witnessed Charles J. Montgomery making his mark with an "X" on the will; and witnesses to the execution of the will also testified that they had witnessed the will in the presence of the testator and in the presence of

each other, and that they thought he was competent to make a will at that time. The scrivener of the will also testified in behalf of the plaintiff and proponent of the will that Charles J. Montgomery had come into his office between 8:30 and 9:00 o'clock on the morning of October 14, 1947, and requested him to draw up a will for him. He stated that Charles J. Montgomery told him what property he owned but the will devised all of the property to his brother, Clyde Montgomery, and only devised a dower interest to his wife Cora, who would have received that in any event.

Cora and Charles Montgomery were married in 1905 and had lived together without serious difficulty for over fifty years. She had attended him during his long bouts of illness due to the use of alcohol and had used several thousand dollars of her own money in obtaining the property now in question used by both of them during their lifetime, but the title to such property was in the name of Charles J. Montgomery. The testimony is uncontradicted as to the physical infirmities of Charles J. Montgomery before, during and after the making of the will, but this alone is not sufficient to establish the lack of mental capacity of a testator to make a will. *Payne* v. *Payne,* 97 W. Va. 627, 125 S. E. 818; *Ritz* v. *Kingdon,* 139 W. Va. 189, 79 S. E. 2d 123. However, Charles J. Montgomery stated he had never been in the scrivener's office when the will was made and did not even know where the office was located. This could be taken into consideration by the jury with regard to the mental capacity at the time. See *LaRue* v. *Lee, Ex'rs.,* 63 W. Va. 388, 60 S. E. 388, 14 LRA (NS) 968, 129 Am. St. Rep. 978. At the time of the alleged execution of the will Charles J. Montgomery used an "X" to sign the will, which was witnessed contemporaneously. It is stipulated that Charles J. Montgomery in 1958 signed his full name to certain documents and papers either as Charles J. Montgomery or C. J. Montgomery. The fact that the will in question was signed with an "X" did not in itself vitiate the will, but in connection with the stipulation referred to herein it could be taken into consideration by the jury upon the question of his mental capacity at the time of the execution of the

will. *McMechen* v. *McMechen*, 17 W. Va. 683, 708, 41 Am. Rep. 682.

After the will in question was made the same scrivener drew up a deed and bill of sale conveying the same property devised in the will to his brother, Clyde, the proponent of the will and plaintiff in this case. A suit in equity was instituted in the Circuit Court of Upshur County to set aside this deed and bill of sale on the grounds of fraud and undue influence, and they were set aside by said court. The evidence of the deed and bill of sale for the same property to Clyde Montgomery was allowed to go to the jury in the case at bar under stipulation of the parties but the jury was not allowed to consider the disposition of the case when a copy of the final decree was offered in evidence and the court sustained an objection to the introduction of such evidence. Evidence that Charles J. Montgomery was drunk and incapacitated before and after the execution of the will in question and evidence that the proponent, Clyde Montgomery, had made statements that Charles was "drunk as hell, crazy as a lunatic", which statements were denied by Clyde, was presented in evidence for the consideration of the jury. There was positive evidence by witnesses who testified that on October 13, 1957, the day before the will was executed, Charles Montgomery was mentally incapacitated by virtue of the use of alcohol and was confined to bed as a result thereof. An attempt was made to take him to Buckhannon to see his wife who was in a hospital but he had to be returned to his home before seeing her because of his condition. There is competent evidence that at about 5:30 on the morning of October 14, 1957, the day the will was signed, Charles Montgomery was drinking to such an extent that he did not have the mental capacity to make a will and that it was only some few hours later when the will was drawn up and executed. A witness also saw Charles Montgomery in an unsteady condition holding onto a building in Buckhannon and being led by his brother Clyde on the morning he was supposed to have gone to the scrivener's office for the writing of the will.

We are of the opinion that the evidence introduced on behalf of the defendant, the contestant of the will in ques-

458

tion, was proper for jury consideration and that there was sufficient evidence to warrant the jury's finding that Charles J. Montgomery did not have sufficient mental capacity to make a will on October 14, 1957. Although there is a conflict in the evidence with regard to the testamentary capacity of Charles J. Montgomery at the time he made the will in question, it is a factual matter for jury determination under the facts and circumstances of the case at bar. *Freeman* v. *Freeman*, 71 W. Va. 303, 76 S. E. 657; *Core* v. *Core's Admr.*, 139 Va. 1, 124 S. E. 453; *Rice* v. *Henderson*, 140 W. Va. 284, 83 S. E. 2d 762.

The verdict of the jury in a contested will case has the same effect as any other law action and if the verdict of the jury is sustained by the evidence, even though it is conflicting, and no error of law is committed during the trial of the case, the verdict should be sustained. *Prichard* v. *Prichard*, 135 W. Va. 767, 65 S. E. 2d 65; *Ritz* v. *Kingdon*, *supra*.

The verdict of the jury having proper and sufficient evidence to sustain it and having been approved by the trial court in its refusal to set aside such verdict, it will not be set aside by this Court; and therefore the judgment of the Circuit Court of Upshur County is affirmed.

*Affirmed.*