**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Tesla Marie Lewis,
Plaintiff Below, Petitioner

vs.)  No. 21-1010 (Upshur County No. 20-C-19)

Jacqueline N. Sponaugle, Craig Marple,
Anita Snyder, and Robert Lee Casto, Jr.,
Defendants Below, Respondents

## MEMORANDUM DECISION

Petitioner Tesla Marie Lewis appeals the November 17, 2021, order of the Circuit Court of Upshur County that granted a motion for summary judgment filed by respondents Jacqueline N. Sponaugle and Anita Snyder, in petitioner's challenge to the probate of decedent Steven McWhorter Casto's 2019 will.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

At the time of his death, decedent owned 146.915 acres of farmland in Buckhannon, West Virginia. Decedent was not married and had no children. However, he had a brother, respondent Robert Lee Casto, Jr., and long-time friends and neighbors including petitioner Lewis, and respondents Sponaugle and Snyder, all of whom had assisted decedent in beneficial ways during his lifetime. Petitioner states that in 2018, decedent designated her as his attorney in fact for his medical and durable powers of attorney. Decedent also, on November 27, 2018, executed a will (the "2018 will") leaving petitioner all of his estate. Petitioner avers that she and decedent had a long-standing friendship, she had known decedent since she was ten years old, she had helped decedent on his farm, and he had purchased two horses for her.

On July 11, 2019, decedent, who was then sixty-five years old, was admitted to a hospital and diagnosed with lung cancer and blood clots. On July 13, 2019, decedent was released into home hospice care provided by hospice worker Rebecca Hinkle. On July 16, 2019, Ms. Hinkle, on decedent's behalf, contacted lawyer William C. Thurman (the "lawyer") and asked him to come to decedent's home to draft decedent's new will (the "2019 will"). That same day, the lawyer went to decedent's home, discussed the will's proposed contents with decedent, drafted the will, and then reviewed it with decedent line by line to ensure it represented decedent's wishes. The 2019 will named three devisees: respondent Craig Marple, who was to receive decedent's livestock and

---

[1] Petitioner is represented by Steven B. Nanners. Respondents are represented by William J. O'Brien and Stephenee R. Gandee.

farm equipment; and respondents Sponaugle and Snyder, who were to share equal parts of the rest and residue of decedent's estate. The will also nominated Sponaugle as executrix. Petitioner was not mentioned in the 2019 will. Decedent executed the 2019 will in front of two witnesses and a notary public by signing with an "X." Decedent died two days later on July 18, 2019.

On November 21, 2019, the parties to this appeal appeared before the county commission for a hearing regarding the 2019 will. Following argument, the county commission, over petitioner's objection, ruled it would record the will and enter it into probate. Four days later, Sponaugle was qualified as the estate's executrix and the will was entered into probate.

Because decedent's 2019 will was at odds with the bequests in favor of petitioner in the 2018 will, on February 25, 2020, petitioner filed an action against respondents in the circuit court contesting the validity of the 2019 will. Petitioner alleged that decedent lacked the testamentary capacity to make the 2019 will and was subjected to undue influence given that he was on his death bed when he signed the 2019 will. Respondents sought discovery supporting petitioner's claims; however, petitioner failed to respond. When discovery closed, respondents Sponaugle and Snyder moved for summary judgment claiming that petitioner failed to provide any evidence in support of her claims.

The circuit court, by order entered November 17, 2021, granted summary judgment to respondents finding that petitioner (1) was not present when the lawyer and decedent discussed the 2019 will or when decedent signed the will in front of witnesses; and (2) presented no evidence to establish that (a) decedent did not know the nature and extent of his property, what he was doing, or the beneficiaries or his relationship to them when he executed the 2019 will; and/or (b) decedent lacked mental capacity, his free agency was overcome, or he was misled as to any fact related to his decision to have the 2019 will prepared and executed. The court also noted that the lawyer who prepared the 2019 will, in a sworn affidavit, stated that decedent knew what he wanted and understood what he was doing in executing the 2019 will. Finally, the court found that petitioner failed to present any evidence showing a genuine issue for trial, and that petitioner's mere suspicions did not overcome the evidence that decedent had capacity when he executed the 2019 will.

Petitioner now appeals and argues that the circuit court erred in granting summary judgment to respondents. We review a circuit court's entry of summary judgment de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of N.Y.*, 148 W. Va. 160, 133 S.E.2d 770 (1963).

Below, petitioner claimed hospice workers, whom she did not identify, would rebut decedent's lawyer's claims of decedent's competence when the 2019 will was drafted and executed. However, petitioner never named or presented the testimony of any hospice workers. Instead, petitioner argued that her "[p]etition . . . was based on her sworn verification and, therefore, create[d] an affidavit to support the allegations contained in [her] petition." Petitioner admits that she was not present when decedent executed his 2019 will and that she presented no evidence contradicting the statements of those who were present at that time.

2

A testator's mental capacity "at the time of the execution of the will is the controlling factor" in determining testamentary capacity to make or execute a will.[2] *Montgomery v. Montgomery*, 147 W. Va. 449, 455, 128 S.E.2d 480, 484 (1962). "Evidence of witnesses present at the execution of a will is entitled to peculiar weight, and especially is this the case with the attesting witnesses." Syl. Pt. 2, *Stewart v. Lyons*, 54 W. Va. 665, 47 S.E. 442 (1903). To execute a valid will, a testator need only understand "the nature of the business in which he is engaged when making a will, has a recollection of the property he means to dispose of, the object or objects of his bounty, and how he wishes to dispose of his property." *Id.*, Syl. Pt. 3.

Here, both witnesses to the execution of the 2019 will attested that decedent was of sound mind and disposing memory. Further, the lawyer who drafted decedent's 2019 will affirmed by affidavit that decedent knew what he wanted and what he was doing when he executed his will. *See* Syl. Pt. 3, in part, *Floyd v. Floyd*, 148 W. Va. 183, 133 S.E.2d 726 (1963) (evidence from "a lawyer who drafted the will, is entitled to great weight on the question of mental capacity of a testator to make a will. Although such evidence in favor of a will is not conclusive, it must be clearly outweighed by other evidence in order to support a verdict against the validity of the will"). The lawyer also stated that he saw no one influencing decedent and that decedent clearly intended to distribute his estate in the manner provided in the 2019 will. Other witnesses saw decedent acknowledge and sign the will. Petitioner sets forth no proof countering this evidence.

We have said that "[u]ndue influence, to invalidate a will, must be such influence as destroys the free agency of the testator and, in legal effect, amounts to force and coercion" at the time the will is executed. Syl. Pt. 14, in part, *Ritz v. Kingdon*, 139 W. Va. 189, 79 S.E.2d 123 (1953). Undue influence "is never presumed but must be established by proof[.]" *Id.*, Syl. Pt. 15, in part. "In an action to impeach a will the burden of proving undue influence is upon the party who alleges it and mere suspicion, conjecture, possibility or guess that undue influence has been exercised is not sufficient to support a verdict which impeaches the will upon that ground." Syl. Pt. 5, *Frye v. Norton*, 148 W. Va. 500, 135 S.E.2d 603 (1964). Here, petitioner's mere suspicions and conjecture were insufficient to create a genuine issue of material fact regarding whether decedent's will was invalid due to undue influence or duress. To the contrary, the undisputed evidence from those present when decedent executed his 2019 will established that his free agency was intact and was not overcome by acts tantamount to force or coercion. Accordingly, we find no error and affirm the circuit court's November 17, 2021, summary judgment order.

Affirmed.

**ISSUED:** January 18, 2023

---

[2] The facts that decedent was ill or signed the 2019 will with an "X" are not dispositive. "Old age, illness, and infirmities of the body are not sufficient to establish lack of capacity of a testator to make a will." Syl. Pt. 2, *Floyd v. Floyd*, 148 W. Va. 183, 133 S.E.2d 726 (1963). Further, we have found that a testator signing a will with an "X" does not alone vitiate the will even if the testator had previously signed his full name to other documents or papers. *See Montgomery v. Montgomery*, 147 W. Va. 449, 456, 128 S.E.2d 480, 485 (1962).

3

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISQUALIFIED:**

Justice C. Haley Bunn